SALLY'S ADMINISTRATORS V. CAPPS.

1. An agent who collects money in the course of some lawful employment, is not liable to an action, until a demand has been made, or something equivalent has been done.

2. In an action for money had and received, to recover of an agent the amount of a promissory note collected by him, a witness who had seen the note, and heard the parties to the action speak of its amount, may testify thereto, though no evidence was given of the loss or destruction of the note, or notice to produce it shown.

THE defendant in error declared against the plaintiffs in the County Court of Lowndes, for money had and received, &c. by their intestate in his lifetime. The case was submitted to the jury on the pleas of *non assumpsit, set-off* and *payment.*

On the trial the presiding judge sealed a bill of exceptions, from which it appears that evidence was introduced, tending to show that the intestate of the plaintiffs in error, received a note, made by a third person, for collection, on account of the defendant. This note was for about one thousand dollars, and was collected by the intestate as the agent for the defendant. On this proof, the counsel for the plaintiffs in error moved the Court to charge the jury, that if they believed the intestate collected the money for the defendant, *as his agent,* it was necessary that a demand should have been made of the intestate in his lifetime, or of his personal representatives since his death, to enable the defendant in error to recover in this action. This charge the Court refused to give, and instructed the jury that though the intestate of the plaintiffs in error, was the agent of the defendant, it was not necessary to make any demand before suit was brought.

The defendant in error also proved that the intestate said he had collected Capps' money, and proposed to show further by a witness, the amount of the note, when due and by whom made, in order to show the amount of money collected by the intestate,

16

without proving the loss or destruction of the note or giving notice to the plaintiff in error to produce it. To this evidence, the plaintiffs objected; but their objection was overruled. The witness who testified to the amount of the note, stated that he saw it and noticed its amount; and that the intestate and defendant in error, at the same time spoke as to its amount: So that having seen the note, and from the conversation between the intestate and defendant, he recollected the amount. To all which the plaintiff in error excepted, &c.

A verdict being found for the defendant in error, and judgment rendered accordingly, a writ of error is prosecuted to this Court for its revision. It is here assigned for error, that the County Court erred, in its refusal to charge the jury as requested, in the charge given, and in the admission of the evidence objected to.

DARGAN, for the plaintiff.
No COUNSEL, for the defendant.

COLLIER, C. J.—It has been often ruled that an agent who collects money in the course of some lawful employment, is not liable to a suit until payment has been requested by his principal, or some one authorized to make a demand: (Barton v. Peck; 1 Stewt. & Porter's Rep. 486: McBroom *et al.* v. The Governor; 6 Porter 32; and the cases there cited.) The facts disclosed in the bill of exceptions show that the intestate collected money for the defendant in error, as a mere agent. There is no proof that he was to account at any period prescribed; so that for any thing appearing, he was only bound to pay on demand. It is not intimated that the intestate did not perform his agency so far as he had acted, with the most perfect honesty. There is nothing to distinguish the present from an ordinary case of agency, and the law as stated, is strictly applicable.

There is perhaps no rule of evidence which allows of more exceptions *than that which requires the best evidence to be adduced, which the case admits of.* This rule is founded upon a reasonable suspicion that the substitution of inferior for better

evidence, arises from some sinister motive, and an apprehension that the best evidence, if produced, would alter the case to the prejudice of the party.    It assumes that the transaction admits of better evidence; and though this may be true, yet if such better evidence is lost, or cannot be produced, proof of a secondary character may be adduced.    So the rule being intended to guard against fraud, it ceases to operate where the presumption of fraud does not arise.    Hence, a copy of public documents is admitted, to prevent inconvenience, or danger of loss, from the removal of the original.    And the rule does not apply where the adversary has admitted the facts which are to be proved, for he is in general, barred by his own admission or representation.

Let us apply the last exception to the rule, to the facts in the record.    The witness states that he acquired a knowledge of the amount of the note, not only from having seen it, but also from having heard the intestate and the defendant in error speak as to the amount.    The witness does not say in so many words, that he heard the intestate say what sum the note expressed on its face; yet he does not intimate that there was any difference upon this point, between the intestate and the defendant.    It might then well be inferred, that they agreed in the conversation which they had in the presence of the witness.    In this view, the evidence was admissible, as an admission by the intestate of a fact shown by the note.

We lay no stress upon the fact that the note had been paid, and probably destroyed, as the decision of the County Court may be sustained by the influence of the exception stated.    On the first point noticed, the judgment is reversed, and the case remanded.