## NELMS vs. WILLIAMS.

1. The same rule applicable to common law actions against the sheriff, for failing to pay over money collected by virtue of his office, applies where the deputy is sued by the principal sheriff for a similar default.

2. The decisions, which hold that a demand must be made of the sheriff to entitle a party to the summary remedy provided by statute, are predicated on statutes that give these remedies, and, therefore, cannot be regarded as authorities in actions not founded upon them.

3. It is the duty of a deputy to pay over to the principal sheriff all monies collected by him as such, within a reasonable time, and if he fail to do so, an action may be maintained against him without a previous demand.

4. Where the facts of a case are not controverted, the court may charge upon them directly and without hypothesis.

ERROR to the Circuit Court of Perry.　Tried before the Hon. John D. Phelan.

GARROTT, for the plaintiff in error.

A. B. MOORE, for the defendant.

CHILTON, J.—This was an action by Williams, who was the principal sheriff of Perry county, against Nelms, who was his office deputy, to recover monies received by the latter for his principal.

Nelms v. Williams.

It appears from a bill of exceptions, that Nelms acted as such deputy sheriff from Sept. 1843, until June 1844, and had collected various sums in that capacity for his said principal, and that in the fall of 1844, they selected one West to state an account between them; that West made out the account, and ascertained that Nelms owed Williams the sum of $1610, which Nelms admitted to be correct, and for which he was willing to give his note, for the purpose of closing the balance so found against him, but prefered not doing so until Williams should give him a receipt in each case for the money collected on the same. It appears also, that the plaintiff below read to the jury two receipts of Nelms, bearing date in March 1844, for monies collected by him as deputy, and which it seems were not embraced in the settlement made by West. It was further made to appear, that Nelms had paid a portion of the demand, say $150, to Williams. This suit was instituted in April 1847.

The main question in the court below was, whether it was necessary for Williams to demand the money of Nelms before he could maintain this action. The circuit judge ruled that, in respect to the amount ascertained by the settlement, no demand was necessary, but that the plaintiff could not recover the amounts specified in the two receipts without proof of a demand.

We apprehend the same rule, which would apply to common law actions against the sheriff for failing to pay over money collected by virtue of his office, would apply against his deputy when sued by the sheriff, the deputy being responsible to the sheriff, who is alone liable to be proceeded against by the party aggrieved by the deputy's default.—Pond v. Vandeveer, 17 Ala. 426. There is, however, much greater reason for requiring a demand to be made of a sheriff who collects money, before he should be liable to an action, than of a deputy who is bound to pay it over to his principal, who is known to him and is usually near at hand. The sheriff collects for all persons in whose favor process is placed in his hands. They may be unknown to him, may reside at a distance, &c. But it is now settled that in such actions, no demand is necessary. It is true, that our predecessors, upon the authority of the cases cited on the brief of the counsel for the plaintiff in error, decided in the case of McBroom v. The Governor, use, &c., 6 Por. R. 32, that a demand was necessary, and this case is afterwards cited

with approbation, in Sally's Adm'r v. Capps, 1 Ala. 121, but it was afterwards expressly declared to be an erroneous decision in Hill et al. v. Fitzpatrick, Gov. use, &c., 6 Ala. 314-17, and must be considered as overruled. When would the statute of limitations begin to run on this demand? Clearly from the time that the law implied a promise on the part of Nelms to pay it over to Williams. Being the collecting agent of Williams, as well as having other duties to perform, it was the duty of Nelms to pay over the money to his principal when he collected it, to enable his principal to comply with his obligation to pay it over to the persons for whom it was collected; for we have seen the principal is liable without demand, and this liability attaches, though the money be in the hands of the deputy.

The decisions, which hold that a demand must be made of the sheriff in order to entitle a party to the summary remedy provided by statute, and that no demand is necessary to be made by the sheriff of his deputy, for whose default the sheriff has been made liable, are predicated upon statutes which give these remedies, and, therefore, cannot be regarded as authorities in actions not founded upon the statutes.

As to the liability of agents generally, for monies received by them for their principals, before demand, there seems to be considerable contrariety of decision. It is not necessary for us now to go into the subject at large. It is sufficient to say, that in our opinion, the question whether or not a demand is necessary in a given case, depends upon the nature of the agency. If it be the duty of the agent to pay over upon the receipt of the money, or within a reasonable time thereafter, then, in the case first supposed, an action accrues immediately on the receipt of the funds, if not paid over, and in the latter, after the expiration of a reasonable time, and there is no necessity for a demand.— Lillie v. Hoyt, 5 Hill's N. Y. Rep. 396; Hawkins v. Walker, 4 Yerg. R. 188; Estes v. Stokes, 2 Rich. R. 133—see also, the numerous cases collected in 1 Amer. Lead. Cases, 520. If, on the other hand, it is not his duty to pay over until demand, or directions given him by the principal, then such demand must be made, or such directions given, before the agent can be put in default, unless he has converted the fund, or has been guilty of some breach of duty with respect to the same, which dispenses with demand.

In our opinion, it was the duty of Nelms, who collected for his principal as deputy sheriff, at least to have paid the same over within a reasonable time.    The facts, as disclosed in the deposition of West, which, we are informed by the bill of exceptions, were not controverted, clearly show he failed to do this, as more than three years intervened between the time his agency ceased and the institution of this suit, and we conclude that under the proof, as set out, no demand was necessary. The court, therefore, in holding that a demand was necessary in respect of the receipts, charged too favorably for the plaintiff in error, but he cannot complain of this.

We have examined the other objections raised to the charges, but do not regard them as tenable.    The charge of the court, as predicated on the testimony of West, viz., that it showed the sum of $1610 was found to be due, and as to that sum no demand was necessary, we do not think invaded the province of the jury.    West states the fact positively in his deposition, and the bill of exceptions, we have before stated, recites that his testimony was not controverted.—See Henderson v. Maberry, 13 Ala. 713; Williams v. Shackelford, 16 ib. 318.

Let the judgment be affirmed.