McDONNELL vs. BRANCH BANK AT MONTGOMERY.

1. As a general rule, the agency of a party must be proved by other evidence than his mere acts, before it can be properly assumed that such acts are binding on the principal.

2. But if the agent is discharging as deputy the duties of a public office conferred upon another, and his acts are of such a continuous character as reasonably to justify the inference that the principal, if a faithful public officer, must have known of them, and would not have permitted the deputy thus to act without authority for so doing, in such case the acts themselves become very strong evidence of the agent's authority to perform them.

3. The fact of agency is an inference to be drawn by the jury; and however strongly the proof may tend to establish such inference, still it is an inference of fact, which the court, as matter of law, cannot assume.

4. The debtor has the right to direct the application of a payment made to his creditor; and if he fails to give such direction, then the creditor may apply it; but if only one demand is proved to exist, and a payment is made without any direction, the law applies it to the payment of that demand.

5. When a clerk has collected money on a judgment, the statute of limitations does not begin to run in his favor until he is guilty of some default with respect to it; if he is shown to have converted it, a demand is unnecessary, and the statute begins to run from the time of the conversion; but if no conversion is shown, the statute begins to run from the time of a refusal to pay on demand.

6. The demand in such case must be made within a reasonable time after the collection; and what is a reasonable time must depend upon the peculiar circumstances of each particular case.

ERROR to the Circuit Court of Barbour.
Tried before the Hon. George D. Shortridge.

This was an action of assumpsit by the Bank against McDonnell, the plaintiff in error. Pleas: Non assumpsit, statute of limitations and payment. Verdict and judgment for the Bank.

The questions presented for revision arise out of a bill of exceptions, from which it appears, that in March, 1839, the Bank recovered a judgment in the Circuit Court of Barbour, of which court said McDonnell was at that time the clerk, against some one who is not named in the record, for the sum of $134 48. It did not appear that any execution had ever issued on said judgment; but one McNab, who was proven by one witness to have acted as the general deputy clerk at the date of the rendition of the judgment, and from thence occasionally until 1844, had written across the judgment, "received in full of this judgment $138 48." There was no evidence that McNab had been sworn in as deputy, or that he had any appointment from the defendant in writing, and his memorandum above copied was all the evidence that the money recovered by said judgment had been collected.

The plaintiff below proved a demand of the money from the defendant on the 27th October, 1845.

It is further stated in the bill of exceptions, "that one witness testified that at the Spring or Fall Term of said court, 1839, defendant paid to the agent of the attorney of record

(who was, as an attorney, attending to the business of the attorney of record and representing him) some moneys collected for said attorney of record, and on cross-examination, the witness stated that he did not know whether the money so paid had been collected for said attorney of record as such, or for him individually. The witness did not know the amount so paid said agent, but said it seemed satisfactory to him. It was admitted that the sum so paid the agent had been paid to the attorney of record."

Upon this evidence the defendant below moved the court to charge the jury, "that plaintiff could not recover of defendant, without further evidence of the deputy's authority to bind him." The court refused this charge, and instructed the jury, "that the defendant was liable under the evidence, if they believed it, for such collection by said deputy."

Defendant prayed the further instruction, "that if the jury believed, from the evidence, a payment was made by the defendant to the plaintiff after the collection of said judgment, they were bound to apply the payment to the demand sued for, unless the plaintiff raised a presumption of a proper application of it otherwise." This charge was also refused, and in lieu thereof the jury were instructed "that if they believed the payment was of some other demand, or on some different account, they should find for the plaintiff."

Upon the statute of limitations, the defendant prayed these instructions be given to the jury: 1. That the statute run from the time of the collection of the money: 2. That the statute of limitations began to run after the lapse of such space of time from the collection, as was reasonably sufficient for the demand to be made. These were likewise refused, and the jury were told, that the statute began to run only from the demand, but that the jury might presume a demand to have been made within a reasonable time after the money was collected. It is also stated in the bill of exceptions, that there was no evidence going to show that the payment above alluded to was applied to any other claim, account or demand.

The several charges of the court, and the refusal to give the instructions asked, are here assigned as error.

BUFORD, for plaintiff in error.

1. The evidence of the deputy's authority was insufficient. He was not a sworn deputy. Clay's Dig. 146 § 19. Defendant's knowledge of the agency must be proved. 1 Livermore on Agency, 36, 37; Fisher v. Campbell, 9 P. 215. The agency must be first proved by other evidence than the agent's acts. Scarborough v. Reynolds, 12 Ala. 259.

2. The evidence of collection during the agency was insufficient. The agent should have been produced. Greenl. Ev. 1st ed. 212 § 180, and note 6, 113; S. & S. 114.

3. The statute of limitations runs from the times laches is imputable to plaintiff. Maury's adm'r v. Mason's adm'r, 8 P. 217. It runs in favor of the sheriff's sureties from time of collection. Gov. v. Stonum, 11 Ala. 679–683. It runs in favor of an attorney from time of collection. Necessity of demand is for his benefit, and to save him from costs. Stafford v. Richardson, 15 Wend. 302.

COCHRAN, contra.

When an action will not lie without a previous demand, the statute begins to run from the time of making the demand. 9 Pick. 488.

When a note is payable at a specified time after sight, the statute does not begin to run until that time has expired after the presentment of the note.

When a note is payable so many months after demand, the statute runs from demand, and not from date. Wheaton's Sel. 139; Stark. on Ev. 478; 13 Wend. 267; 2 Taunton's Rep. 323.

An agent who collects money, in the course of some lawful employment, is not liable to an action until a demand has been made, or something equivalent done. Sally's adm'r v. Appleton, 1 Ala. 121; 2 U. S. Dig. 80. Actions shall be commenced within six years after cause of action accrues. Clay's Dig. 326 § 78.

The statute applies to causes of action, and then only after the right to sue has accrued. Lucas v. Thorington, 7 Ala. 605. It cannot be pleaded while any thing is to be done on request, and no request is made. 2 Keene, 121. Prescription does not run against him who cannot sue. Idem.

The statute is no bar to an action on a note payable after

sight, unless a presentation for payment six years before the action brought be proven. 2 Har. Dig. 1459.

Where a promissory note was made payable two years after demand, held that the statute did not begin to run until the two years after the demand had elapsed. 2 Har. Dig. 1458.

In an action against a factor or agent for not accounting, the statute does not begin to run until a demand has been made. 2 U. S. Dig. 807.

CHILTON, J.—The charge prayed for by the counsel for the defendant below, respecting the sufficiency of the proof to establish the fact of McNab's authority, was properly refused by the court, as it would have amounted to an obvious invasion of the province of the jury. It was for the jury, and not the presiding judge, to decide upon the weight of the testimony, and to determine whether the proof, that McNab acted as the general deputy of McDonnell, when he made the memorandum of the collection of this money, and that he occasionally acted in that capacity until 1844, considered in connection with the nature of such acts, as involving public duties, the custody of the public records of the county, and as continuing for such a length of time, was not sufficient to justify the inference that he was employed by McDonnell, or if not specially employed, that his acts were approved and ratified by him.

It is true, as a general rule, that the agency of a party must be proved by other evidence than his mere acts, before it can be properly assumed that such acts are binding on his principal. Scarborough v. Reynolds, 12 Ala. Rep. 259. But if the agent is discharging the duties of a public trust, of an office conferred upon another, as his deputy, and his acts are of such a continuous character as reasonably to justify the inference that the principal, if a faithful public officer, must have known of them, and would not have permitted him thus to act in the absence of authority for so doing; in such case the acts themselves from their nature, coupled with the relative situation of the parties with regard to them, become very strong evidence of the authority of the agent to perform them.

2. Yet the fact of authority is an inference to be drawn by the jury, and while the court below very properly refused to instruct them that the evidence was insufficient to establish it, on the other hand it erred in charging that, if they believed the proof, the agency was established. However strongly the proof may have tended to establish such inference, still it is an inference of fact from the other proof, which the jury very properly might draw, but which the court, as matter of law, could not assume.

3. We are also of opinion, that the court below committed an error, in refusing to give the charge asked, respecting the application of the payment made to the representative of the attorney of record. We say nothing as to the sufficiency of this proof, to warrant the inference of a payment of this demand; for, if it tended to establish this hypothesis, it was sufficient as a predicate for a charge to the jury.

The general rule respecting the application of payments is, that where they are made by a debtor to a creditor, the debtor has the right to direct their application. If he fails to give such direction, then the creditor may apply the payment; but if only one demand is proved to exist, and a payment is made without any direction, the law applies it to the payment of this demand. The court then might well have instructed the jury, that if the clerk made a payment to the attorney who recovered the judgment, after such judgment had been collected by him, they should regard it as a payment on the demand so collected, in the absence of any presumption of an application of it otherwise. Whether, inasmuch as no particular amount is proved to have been paid, the jury would be justified in allowing more than a nominal credit, is a question which we do not now decide.

4. As to the statute of limitation, it is clear that it did not commence running until the cause of action accrued; and no cause of action would exist against the clerk who had collected the money, until he was guilty of some default with respect to it. If it had been shown he had converted the fund, this would have subjected him to an action, and dispensed with a demand. The statute in such case would begin to run from the time of such conversion. Or, if no conversion had been shown, but a refusal to pay on demand, then the

statute dates its commencement from the demand, as until then, the clerk would be in no default, and no action could have been maintained against him.   Barton v. Pecks, 1 S. & P. Rep. 486 ; Sally's Adm'r v. Capps, 1 Ala. Rep. 121 ; Mc-Broom v. The Governor, 6 Por. 32.   The case last cited held, that such special demand must be averred in the declaration, and, as to that point, was overruled by the decision in the case of Hill v. Fitzpatrick, 6 Ala. Rep. 314; but it must still be regarded as an authority to show that a demand must be proved, notwithstanding it may be sufficient to assign the general breach that "although often requested, &c., the defendant refused to pay."   This distinction did not occur to me when I wrote the opinion in the case of Nelms v. Williams, 18 Ala. Rep. 650, and what is said in that case, seemingly in conflict with the view here expressed, must be regarded as *dicta* merely.

Where a note is payable on demand, the statute commences running, it is said, from the date of the note.   The reason is, that an action may be maintained upon it immediately without demand. Blanchard on Lim. 45; Norton v. Ellam, 2 M. & W. (Ex.) Rep. 467; Presbrey v. Williams, 15 Mass. Rep. 193; Ruff v. Bull, 7 Har. & John. 14; Angel on Limitations, 97. But if the note be payable so many days after demand, the statute begins to run from the demand, because until that time the action does not accrue. Angel on Lim. 98, and cases cited in notes to 2d Ed.; ib. 178-9.   The demand must, however be made in a reasonable time after the collection.   What shall be considered a reasonable time, has not been, and perhaps cannot be settled by any definite rule as applicable to all cases; but must depend upon the peculiar circumstances of each particular case. Wallace v. Agry, 4 Mason Cir. C. Rep. 336; Ang. Lim. 98; see Coleman v. Rodgers, 10 Pick. Rep. 120.

What we have said will constitute a sufficient guide for the future conduct of the cause.

For the errors previously noticed, the judgment is reversed, and the cause remanded.

GOLDTHWAITE, J., not sitting.