[No. 6,092.]
## WILKE v. COHN.

ATTACHMENT — AFFIDAVIT. — An affidavit for attachment, otherwise in due form, concluded as follows: " That the payment of the same has not been secured by any mortgage or lien on real or personal property, or any pledge upon personal property; or, if originally so secured, that such security has, without any act of the plaintiff or the person to whom the security was given, become valueless." *Held*, insufficient.

APPEAL from an order dissolving an attachment, in the Nineteenth District Court, City and County of San Francisco. WHEELER, J.

The facts are stated in the opinion.

*Joseph Naphtaly*, for Appellant.

*Lloyd & Newlands*, for Respondent.

Department No. 2, MYRICK, J. :

This is an appeal from an order dissolving an attachment.

The affidavit for attachment was in the form required by the statute as to statement of the indebtedness upon a contract made in this State, and concluded with these words: " And that the payment of the same has not been secured by any mortgage or lien upon real or personal property; or, if originally so secured, that such security has, without any act of the plaintiff or the person to whom the security was given, become valueless." Upon this affidavit the defendant moved to dissolve the attachment, which motion was granted.

The objection to the sufficiency of the affidavit is made, that whereas the statute gives a creditor a right to have his debtor's property seized to respond to a judgment in either one of two instances—viz., where there has been no security, or, there having been security, such security has without any act of the creditor become valueless—this affidavit, stating both in the alternative, in fact states neither.

It has been held in several States, and is repeated in Drake on Attachments, § 102, " that where the disjunctive or is used, not to connect two distinct facts of different natures, but to characterize and include two or more phases of the same fact, attended with the same results, the construction that it was uncertain which state of facts existed was inapplicable. For instance, where the statute authorized an attachment when the defendant absconds or secretes himself, it was considered that, from the difficulty of determining which was the fact, the disjunctive or did not render the affidavit uncertain." Absconding is one thing, secreting is another; yet the creditor may not always be able to ascertain which exists: persons absconding or secreting themselves do not usually publish their doings. But, in regard to security, a creditor knows, or ought to know, whether there has been security given. If security has been given, he knows, or ought to know, whether the security has been rendered valueless without his act. If he have something in his hand as security which was once of value, he can cer-

tainly tell whether or not any security was ever given. If the
security has become valueless, no man knows better than he
whether his act contributed thereto. It would be proper to fol-
low the language of the statute, in saying that payment had
not been secured by any mortgage or lien upon real or personal
property, or any pledge upon personal property, because it in-
cludes two or more phases of the same fact, attended with the
same results, namely, that no security had ever been given ; but
to use the above language, and then say, "or, if originally so
secured, such security has become valueless," is not to state
either with certainty. It does not say that no security was ever
given ; neither does it say that security was given, but that the
same has become valueless.   We are not directed to any decis-
ion of this Court upon the point directly before us, but there
are cases involving parallel principles.   Thus, in *Hawley* v.
*Delmas*, 4 Cal. 195, where the affidavit stated the indebtedness
to be " upon a contract expressed *or* implied," it was held in-
sufficient.

In the case at bar it was urged that the ultimate point to be
reached is, that no security exists *now*.   As well might it have
been urged in *Hawley* v. *Delmas* that the existence of a *con-
tract* was the ultimate point.   So in *Botsford* v. *Howell*, (52
Cal. 158) a party applying to purchase land under § 3443 of
the Political Code, stated, in the exact words of the statute, that
he did " not know of any valid claim to the same other than
his own, and that there were no settlers thereon, *or*, if there
were, that the land had been segregated more than six months,"
it was held that the application did not conform to the statute ;
that the facts must be stated directly and positively, and not in
an alternative form.

It was urged on the argument, that a creditor may have
had frequent transactions with his debtor, and may not always
be able to determine whether or not the particular debt is in-
cluded in the list of secured debts.   We can only say, that if
creditors wish to be within the statute giving the provisional
remedy by attachment, they must so keep knowledge of their
affairs as that they can state the facts.   If a creditor has never
had security, it is very easy to say so ; if he once had security,

and the security has become valueless without his act, it is as easy to say so.

Order affirmed.

THORNTON, P. J., and SHARPSTEIN, J., concurred.