[Department One. — November 7, 1883.]

CHARLES HARVEY, RESPONDENT, v. CHARLES F. FOSTER ET AL., APPELLANTS.

ATTACHMENT—IRREGULARITY—WHO MAY CONTEST.—The regularity of a writ of attachment or of the affidavit upon which it was issued cannot be brought in question collaterally by one not a party to the action.

SHERIFF—EXECUTION—RETURN.—A sheriff is concluded by his return of the amount of a sale under execution, and can make no defense to an action against him inconsistent with such return.

ID.—SURPLUS—LIABILITY OF SHERIFF.—Where at a judicial sale property brings more than the amount of the execution, it is the duty of the sheriff to pay the excess, or see that it is paid, to the defendant. If he fails to do this, he and the sureties upon his official bond are liable in an action for such excess at the suit of the defendant.

APPEAL from a judgment of the Superior Court of the county of Tehama, and from an order refusing a new trial.

In an action by the plaintiff against one Logan, an attachment was issued and levied by Foster, sheriff, upon the land of Logan, who appeared in the action, but did not except to the regularity of any of the attachment proceedings. The plaintiff recovered judgment. Kraft held a mortgage upon the land prior to the attachment, and also an unsecured note against Logan for four thousand dollars. Afterwards Kraft foreclosed his mortgage, and at a sale made by Foster, as sheriff, bid for the property a sum in excess of the amount awarded by the decree sufficient to cover the amount of the unsecured note. The sheriff made return of the full amount bid at the sale. The plaintiff in this action claims the surplus over the amount named in the decree by virtue of his attachment.

*Chipman & Garter,* and *Geo. Cadwalader,* for Appellants.

*J. Chadbourne, J. F. Ellison,* and *A. P. Catlin,* for Respondent.

McKINSTRY, J. — As the answer consists only of general and specific denials of the averments of the complaint, the finding "that all the allegations of the plaintiff's complaint are true" covers all the issues of fact.

The attachment affidavit filed by plaintiff in the action *Harvey* v. *Logan* stated that the indebtedness from the defendant to the plaintiff therein had not been secured by any mortgage or lien, "*or,* if originally so secured," such security had become valueless. The affidavit fails to state the *amount* of the indebtedness due from Logan to Harvey. (Code Civ. Proc. § 530.)

If the defendant in the action, *Harvey* v. *Logan,* had moved to dissolve the attachment, it would have been the duty of the court to have ordered the attachment to be dissolved. (*Wilke* v. *Cohn,* 54 Cal. 212; *Hawley* v. *Delmas,* 4 Cal. 195.) But the lien of the attachment was valid as against the present defendants.

*Fridenberg* v. *Pierson,* 18 Cal. 152, was a bill in equity alleging that both plaintiff and defendant were attaching creditors, the defendant's attachment (upon insufficient affidavit), having been first issued and levied, and prayed that the defendant's

attachment be set aside in favor of the plaintiff. The court held that the bill could not be maintained, citing Drake on Attachment, § 771 : "Whatever irregularities may exist in the proceedings of an attaching creditor, it is a well-settled rule that other attaching creditors cannot make themselves parties to those proceedings, for the purpose of defeating them on that account. *Hawley* v. *Delmas*, 4 Cal. 195, was an appeal from an order quashing an attachment. So also was *Wilke* v. *Cohn*, 54 Cal. 212. In *Porter* v. *Pico*, 55 Cal. 173, it was said : "Any irregularities in obtaining it (the attachment) were waived by the defendant to the suit when he appeared and answered, without taking advantage of them by motion or otherwise in the course of the proceedings. The process is merely auxiliary, and the judgment in the action cures all irregularities." The transcript shows that in the action, *Harvey* v. *Logan*, the defendant appeared, etc. If the transaction connected with the sale under the mortgage decree could be held to constitute Kraft, the mortgagee, successor in interest to Logan's statutory right of redemption, he acquired by it no right to attack the lien of the attachment, since Logan had none.. (Drake on Attachment, §§ 87, 112, 124, 143, 185, 273.)

The sheriff's return to the order of sale shows that he received at the mortgage sale the sum of fifteen thousand seven hundred and fifty-three dollars cash. He cannot make any defense inconsistent with his return. (Freeman on Executions, 450; *Ferguson* v. *Tutt*, 8 Kan. 370.) A sheriff is concluded by his return when it is set up by any party who may claim something under it. (Crocker on Sheriffs, 46.)

Where at a judicial sale property brings more than the amount of the execution, if the officer fails to pay the excess, or see to it that it is paid to the defendant, he and the sureties on his official bond are liable in an action of debt at the suit of the defendant for the excess. (*State* v. *Noel*, 5 Ired. 357.) And an action may be maintained by the execution creditor for money collected by the sheriff upon an execution. (*Nelson* v. *Kerr*, 59 N. Y. 224; *Nelms* v. *Williams*, 18 Ala. 650.) Statutory remedies are cumulative, and leave the common-law remedies unimpaired. (Freeman on Executions, 448.)

In the case before us the plaintiff has shown that he is entitled

to receive from the sheriff the excess of the proceeds of the sale
beyond the amount of the sale, costs, etc. Upon principle he
should recover in an action against the sheriff; and under the
peculiar facts pleaded and proved, he was justified in joining
Kraft as defendant.

Judgment and order affirmed.

McKEE, J., and Ross, J., concurred.

Hearing in Bank denied.