[No. 8385.   Department One. — November 19, 1885.]

ARTHUR SCRIVENER, RESPONDENT, *v.* A. C. DIETZ, APPELLANT.

ATTACHMENT — AFFIDAVIT — IRREGULARITY — COLLATERAL ATTACK. — The regularity of an affidavit for attachment cannot be attacked collaterally by one who was a stranger to the suit.

MORTGAGE — FORECLOSURE — ATTACHMENT LIEN — EVIDENCE. — In an action to foreclose a mortgage, defendants claiming under an attachment lien accruing after the mortgage was given are entitled to prove the existence of their lien, and to show that, in consequence of certain acts of the plaintiff, set forth in their answer, it is superior to the lien of the mortgage.

APPEAL from a judgment of the Superior Court of the county of Alameda.

The facts are stated in the opinion of the court.

*C. A. & C. Tuttle,* for Appellant.

*Winans, Belknap, & Godoy,* for Respondent.

McKEE, J.—This is an action against C. M. Grant, mortgagor, and other defendants, alleged claimants of subsequent liens upon the mortgage property, for the

LXVIII. CAL.—1

recovery of judgment against the mortgagor, and the foreclosure of a real estate mortgage given by him on the 22d of December, 1875, to the London and San Francisco Bank, Limited, to secure payment of an indebtedness of five thousand dollars and interest, and such other sums, with interest, as the said bank might advance to the said Grant after the date of the mortgage.

Of the defendants, Grant made default, and the defendants Dietz, McAfee, and Spiers, in their answer, averred that they had acquired an interest in the mortgage property by a writ of attachment, issued in an action commenced on the 22d of January, 1876, by McAfee and Spiers against the said Grant, in which they afterwards recovered judgment against him, upon which an execution was issued, under and by which the attached property was sold at sheriff's sale to them, and they, in due course of time, received a sheriff's deed for the same, and they claim that the interest thus acquired is not subject to the mortgage lien of the plaintiff, but is superior thereto, because: 1. Whatever advances were made by the bank to said Grant were made after notice to the bank of the acquisition by the defendants of their interest and right in the mortgage property under said attachment; 2. Because the cause of action upon advances which were made was barred by the statute of limitations at the commencement of the action; and 3. Because the mortgage itself was merged in a deed of the property which the mortgagor executed and delivered to the bank.

At the trial of the issues framed by the complaint and answer, the execution and registration of the mortgage were admitted; and after the plaintiff had given evidence tending to prove that the sum of the original indebtedness of five thousand dollars, and the future advances which were made by the bank from the date of the mortgage until the 31st of January, 1879, amounted to $9779, and were due and unpaid, the defendants, to maintain the issues on their part, first offered the affidavit and

writ of attachment, together with the return thereon, issued in the action of McAfee and Spiers against the said C. M. Grant.   But the plaintiff objected to the affidavit, and the attachment and the return thereon, " because the affidavit was defective for non-compliance with the code, and a nullity; that it is void for irregularity, and conferred no authority upon the clerk to issue an attachment; that as evidence it was incompetent and irrelevant and inadmissible; that even if, *stricti juris,* it was only voidable and not void, it laid no foundation for the issuance of an attachment which could be operative against the rights of plaintiff or plaintiff's assignor under the mortgage," etc.

The court sustained the objections, and defendants Dietz, McAfee, and Spiers excepted to the ruling.

The irregularity upon which these objections were made is this: The affidavit contained no statement that the payment of the contract sued upon was not secured by any mortgage or lien upon any real or personal property, or if it was so secured, that the security had become valueless, without any act of the plaintiff or the person to whom such security had been given.

Admittedly, this irregularity in the affidavit constituted good ground for a motion by the attachment debtor to dissolve the attachment; and if such a motion had been made by him to the court in which the action was pending, it would have been the duty of the court to have dissolved the attachment.   (*Hawley* v. *Delmas,* 4 Cal. 195; *Wilke* v. *Cohn,* 54 Cal. 212; *Merced Bank* v. *Morton,* 58 Cal. 360.)   But neither the regularity of the affidavit, nor the validity of the attachment issued upon it, was questioned by the debtor; he therefore waived whatever irregularities existed in either, and as against him at least, the attachment was valid and operative. So that its execution, if according to law, operated to create a provisional lien upon the property on which it was levied, in favor of the attaching creditors; and as

this lien, upon the recovery of a judgment in the action *transit in rem judicatam,* and is merged in the judgment, the attachment proceedings are not attackable collaterally for an infirmity in the affidavit. (*Porter* v. *Pico*, 55 Cal. 165; *Harvey* v. *Foster*, 64 Cal. 296.) Notwithstanding the infirmity, the attachment was not void; it was only voidable at the instance of the attachment defendant, and could not be assailed collaterately by a stranger. (*Harvey* v. *Foster, supra.*) The ruling of the court excluding the affidavit, attachment, and return thereon was therefore erroneous.

But it is said that the ruling was not prejudicial, because the attachment, if legal, could not have defeated plaintiff's mortgage, which, being prior in point of time, was superior in point of right to the subsequent attachment lien, which was subordinate to it.

Unquestionably, a prior lien gives a prior claim, which is entitled to prior satisfaction out of the subject it binds, unless the lien be intrinsically defective, or be displaced by some act of the party holding it which shall postpone him in a court of law or equity to a subsequent lien claimant. (*Rankin* v. *Scott*, 12 Wheat. 177.) But the defendants were entitled to prove the existence of their attachment lien, and to show that in consequence of the acts of the plaintiff, set up in their answer, it was superior to the lien of the plaintiff's mortgage.

Judgment reversed, and cause remanded for a new trial.

McKINSTRY, J., and Ross, J., concurred.