Avery v. Good.

AVERY, *Appellant*, v. GOOD.

Division One, February 27, 1893.

1. **Practice:** ATTACHMENT: AFFIDAVIT. One affidavit is sufficient for issuing both a writ of attachment and an order of publication where it sets forth all the facts necessary to obtain both.

2. ———: ———: ———: AMENDMENTS. An affidavit for an attachment is amendable in this state.

3. ———: ———: ———: COLLATERAL ATTACK. The rule that judicial proceedings which are amendable are not void is applicable to attachment affidavits.

4. ———: ———: ———: ———. An attachment proceeding will not be held void because of the intervention of two months and twenty days between the date of the affidavit and the suing out of the attachment writ.

5. ———: ———: AIDER. The affidavit may be read in connection with the bond and petition to show that a recital in such affidavit that the defendant "is not a resident of this state," meant a non-resident of Missouri, although the affidavit was signed and the oath was administered in another state.

*Appeal from Henry Circuit Court.*—HON. D. A. DEARMOND, Judge.

AFFIRMED.

*W. O. Mead* for appellant.

(1) The ruling of the court below in giving declaration of law, asked by the plaintiff, number 3 was correct. There was no venue stated in the affidavit or caption thereof, and it was made two months and twenty days before the suit by attachment was commenced, and was an affidavit that the defendant in the attachment proceedings (Reed) was not a resident of the state of Indiana; and, if Reed had been a resident of the state of Missouri, and the affiant had known it,

a prosecution for perjury could not have been sustained, and that is the test as to its sufficiency. Wade on Attachments, secs. 3–55; Waples on Attachments, secs. 76-79; *Lockwood v. Adams*, 2 Pac. Rep. 626; *Goodyear v. Knapp*, 20 N. W. Rep. 651; *Fessenden v. Hill*, 6 Mich. 241. (2) The court erred in giving declaration of law number 4, asked by the defendant, for the reason that there was no competent evidence of a final settlement having been made by the administrator. (3) The court erred in giving declaration number 6 asked by the defendant for the reason that the probate court of St. Clair county had jurisdiction of both the person and subject-matter in the matter of the allowance in favor of Patrick Kendrick against the estate of William H. Reed, deceased, and the judgment of allowance is not open to collateral attack. The probate court of St. Clair county, in matters pertaining to its jurisdiction, is a court of general jurisdiction and its judgment is entitled to the same presumptions in its favor. Wells on Jurisdiction of Courts, 274; *Cooper v. Duncan*, 20 Mo. App. 355; *Henry v. McKerlie*, 78 Mo. 425; *Johnson v. Beazley*, 65 Mo. 250; *Rowden v. Brown*, 91 Mo. 429; *Brooks v. Duckworth*, 59 Mo. 48; *Vasler v. Brock*, 84 Mo. 574; *Price v. Real Estate Ass'n*, 101 Mo. 107. (4) The order of sale under which the land was sold made by the probate court of St. Clair county found that there were debts due by said estate of William H. Reed, deceased, and unpaid, and that finding is conclusive in a collateral proceeding like this. *Camden v. Plain*, 91 Mo. 117.

*Samuel E. Price* and *James Parks & Sons* for respondent.

(1) The question of jurisdiction is one which must be tried by the whole record. *Adams v. Cowles*, 95 Mo.

501; *Jones v. Driskill*, 94 Mo. 190; *Sachse v. Cling-ingsmith*, 97 Mo. 406; *McClanahan v. West*, 100 Mo. 310. (2) Where a court has jurisdiction, but in the exercise of it renders a wrong or erroneous judgment, such judgment is not void, nor is it, or the title acquired under it by purchase, subject to a collateral attack. *Lewis v. Morrow*, 89 Mo. 174; *Rosenheim v. Hartsock*, 90 Mo. 357; *Hardin v. Lee*, 51 Mo. 241. (3) The rule is that judicial proceedings which are amendable are not void. Amendability in such cases is the *experimentum crucis* of legal validity. *Rosenheim v. Hartsock*, 90 Mo. 357; *Hardin v. Lee*, 51 Mo. 241. (4) The affidavit for attachment in the cause of *Reed v. Morgan* is amendable. *Burnett v. McCluey*, 92 Mo. 230; *Dollarhide v. Parks*, 92 Mo. 178; Wagner's Statutes, ch. 2, sec. 48, p. 190; Drake on Attachment [6 Ed.] secs. 90c, 90d, 91, 92 and 113; Wade on Attachment, sec. 72, p. 151; *Norton v. Flake*, 36 Mo. App. 698; *Graham v. Bradbury*, 7 Mo. 281. (5) A final settlement having been made in the administration of the estate of William H. Reed, deceased, and all the property in his hands disposed of, no authority was in such administrator thereafter to inventory property in another county and sell the same. *Sheets v. Kirtley*, 62 Mo. 417; *Van Bibber v. Julian*, 81 Mo. 618. (6) The attempted allowance and classification of the Kendrick claim against the estate of William H. Reed, deceased, without any evidence, is, on the face of the record of the probate court, void. Revised Statutes, 1879, sec. 196; *Koch v. Hebel*, 32 Mo. App. 113; *Wernse v. McPike*, 100 Mo. 476. (7) The records of the probate court of St. Clair county, Missouri, affirmatively show that there were no debts in 1888 against said estate of William H. Reed, deceased, as well as that all costs had been paid. Therefore, there was no power in the court to order a sale of the real estate, and the administrator's deed is void. *Farmer v. Dean*, 24 Mo.

16; *Church v. McElhinney*, 61 Mo. 540; *Teverbaugh v. Hawkins*, 82 Mo. 180.

BLACK, P. J.—This is an action of ejectment for eighty acres of land in Henry county. William H. Reed is the common source of title. In 1884 the probate court of St. Clair county made an order directing the public administrator to take charge of the estate of said Reed, and in 1888 the administrator sold this land in Henry county, and the plaintiff became the purchaser and received a deed dated the eleventh of February, 1888. This is the plaintiff's title.

The defendant put in evidence a deed from the sheriff of Henry county to Jason Blackford, dated the eighteenth of April, 1878, based upon a sale made by virtue of a special execution issued upon a judgment of the circuit court of Henry county in favor of Salina J. Morgan, guardian of Lewis and Joseph Morgan, against said William H. Reed; and a deed from Blackford and wife to Lewis and Joseph Morgan. The circuit court gave instructions to the effect that the adminstrator's deed and the sheriff's deed were both void because of alleged irregularities in the prior proceedings.

The sheriff's deed antedates the proceedings had in the probate court, and, if that deed is valid and conveyed the title of Reed, then the judgment is for the right party, and it will be unnecessary to consider the objections made to the administrator's deed. The suit of Salina J. Morgan, guardian, etc., against William H. Reed, was commenced by attachment and notice to the defendant by order of publication. The defendant made no appearance. The objections to the sheriff's deed are all based upon the alleged insufficiency of the affidavit for attachment.

From the papers and proceedings in that case, produced in evidence in this one, it appears the

petition was filed on the nineteenth of June, 1877. An affidavit and attachment bond appear among the papers in that case, but they have no file mark upon them, showing when deposited with the clerk. On the nineteenth of June, 1877, the day on which the petition was filed, the clerk issued a writ of attachment, and on the same day he made an order of publication stating by way of recital, that now comes the plaintiff, in vacation, "and files her petition against the said defendant, and also an affidavit, stating, among other things, that the defendant is a non-resident of the state of Missouri," etc. The affidavit is as follows:

"Affidavit in Attachment Suit.

| "Salina J. Morgan, Plaintiff, | "Attachment in Civil |
| v. | Action, Circuit |
| "William H. Reed, Defendant. | Court. |

"This affiant states that the plaintiff ⌐.n the above entitled cause has a just demand against the defendant therein now due and that the amount which this affiant believes the plaintiff ought to recover after allowing all just credits and set-offs is $3,857.35, and that this affiant has good reason to believe and does believe that the defendant, William H. Reed, is now a resident of this state.

"SALINA J. MORGAN, Affiant.

"Subscribed and sworn to before me, this thirty-first day of March, A. D. 1877.

"[L. S.]                    W. A. PEEBLES,
                                 "Notary Public."

The impression made by the notary seal discloses these words: "Notary Public, Indiana. (Seal.)"

1. The affidavit to which the clerk refers in his order of publication must be the affidavit above set forth. It must, therefore, have been filed with the petition, and it is the affidavit on which the writ of

attachment was issued and the order of publication made.   As it sets forth all the facts necessary to obtain a writ of attachment and an order of publication, there was no need of filing two affidavits.   The one was sufficient for both purposes.   *Burnett v. McCluey*, 92 Mo. 230.

2. The chief objections are that the affidavit is void as an affidavit in attachment for these reasons: *First*, for want of a statement of the venue; *second*, because it was made two months and twenty days before the commencement of the suit; and *third*, because it states that the defendant was a non-resident of the state of Indiana and does not state that he was a non-resident of this state.

As bearing upon all these questions it is proper to say here that the rule which prevails in some states that an affidavit in attachment cannot be amended does not obtain in this state.   An attachment may be dissolved, where the affidavit is adjudged insufficient on motion filed for that purpose, unless the plaintiff shall file a good and sufficient affidavit within the time allowed by the court; but if the defendant desires to put in issue the truth of the matters stated in the affidavit he must do so by a verified plea in abatement. Revised Statutes, 1889, secs. 562, 568.   Under section 568 an affidavit may be amended, either before or after a motion filed to quash the writ or to dissolve the attachment.   *Henderson v. Drace*, 30 Mo. 362; *Musgrove v. Mott*, 90 Mo. 107.   And this court has repeatedly held that the principle that judicial proceedings which are amendable are not void is applicable to attachment affidavits.   *Hardin v. Lee*, 51 Mo. 241; *Donnell v. Byern*, 80 Mo. 332; *Burnett v. McCluey*, *supra*.   An affidavit for an attachment which is defective in a matter which is amendable is not void, but simply voidable by the proper motion made in the

attachment suit.   Such defects are of no avail in a collateral proceeding like this.

Now the object of a statement of the venue is to show by an inspection of the affidavit that it was made within the jurisdiction of the officer who administered the oath, and a defect in this respect may be amended. Drake on Attachment [6 Ed.] sec. 90c; *Struthers v. McDowell*, 5 Neb. 491.   Here the notarial seal discloses the fact that the oath was administered by a notary public in the state of Indiana; and though no county is stated, still the presumption is that the affidavit was signed and the oath administered within his local jurisdiction; for it is not to be presumed that he violated his official duties.   *Parker v. Baker*, 8 Paige, 428; *Barnard v. Darling*, 1 Barb. Ch. 218; *Young v. Young*, 18 Minn. 90.   This objection would not be well taken on a motion to quash the attachment suit, and for much stronger reasons it is not well taken in a collateral proceeding like this.

As bearing upon the objection that the proceedings are void because the writ was not sued out until two months and twenty days after the date of the affidavit, Drake says: "It is proper that an affidavit should be made as near as practicable at the time of the institution of the suit; but it is believed to be a general practice to allow attachments to issue on affidavits made some time before the issue of the writ. * * * If in any case there be such delay as fairly to induce the presumption that the process of the court is abused or used oppressively, or that the ground of attachment may not exist when the writ is sued out, the whole proceeding may, on motion, be set aside. Unless, however, there are these strong features to warrant this peremptory disposition of the writ, the resort should be to a plea in abatement." Drake on Attachment [6 Ed.] sec. 111.

In *Graham v. Bradbury*, 7 Mo. 281, there was an interval of nine or ten days between the making of the affidavit and the issuing of the writ, and on a motion to quash the writ it was urged that there might have been a change of residence during that time, but this court held that the defendant must take advantage of the change, if any, by a plea in abatement; for the plea would put in issue the truth of the affidavit at the time of issuing the writ. The following cases are to the same effect: *McClanahan v. Brack*, 46 Miss. 256; *Wright v. Ragland*, 18 Tex. 292. Here the time intervening is much longer than in the cases cited, and it may be that the attachment ought to have been dissolved upon a timely motion made for that purpose, the plaintiff failing to file an amended affidavit; but that is not the question here. The question here is whether these attachment proceedings are void because of the two months and twenty days that intervened between the date of the affidavit and suing out of the writ, and we have no hesitancy in saying that they are not.

Reading the affidavit by itself and disconnected from the other papers in the case there is some foundation for the claim that when it says the defendant "is a non-resident of this state" it means a non-resident of the state of Indiana, the state in which the affidavit was signed and the oath administered. But it is entitled in the suit of Salina J. Morgan against William H. Reed and was signed and sworn to on the same day that the attachment bond was executed by her and her sureties. The bond states that she, as guardian of Louis and Joseph Morgan, was about to commence a suit by attachment in the circuit court of Henry county, Missouri, against William H. Reed, and then follow the statutory conditions. It is therefore evident that the affidavit has reference to this suit

about to be commenced in this state, and, read in connection with the bond and petition, there can be no doubt but it means that defendant was a non-resident of the state of Missouri. The point is too technical to deserve further notice in a collateral suit like this. The sheriff's deed is a good and valid conveyance of all of the title of William H. Reed, and this being so the plaintiff has no title whatever. The judgment is therefore affirmed. All concur.