PATCH, APPELLANT, v. STEWART ET AL., RESPONDENTS.

(No. 6,041.)

(Submitted January 5, 1927.  Decided January 26, 1927.)

[253 Pac. 254.]

*Quieting Title — Attachment — Defective but Amendable Affidavit Sufficient for Acquisition of Jurisdiction, When—Actions in Rem—Jurisdiction—How Obtained.*

Actions *in Rem*—Jurisdiction—How Obtained—Attachment.
   1. In actions *in rem*, made so by publication of summons, the jurisdiction of the court is dependent upon the seizure of the prop-

---

1.  See 2 R. C. L. 804.

erty or the levy of a writ of attachment upon it, and when jurisdiction is so obtained the court can thereafter proceed to subject the property to the satisfaction of plaintiff's demand.

Attachment—Defective Affidavit Amendable.

2. An affidavit for attachment stating that the debt sued upon has not been secured, *or,* if originally secured, the security had become valueless, was defective, but amendable, and therefore not void, but merely voidable.

Same—Affidavit Defective but Amendable—Proceedings Voidable Only —Jurisdiction Attaches.

3. Where the defect in an affidavit on attachment is such as to render the attachment voidable only, and not void, the proceedings based upon it are sufficient to confer jurisdiction over the property attached and are invulnerable to any attack, save by the defendant in the suit by appropriate action to have the attachment discharged.

Quieting Title—Jurisdiction Acquired on Defective but not Void Affidavit Sufficient to Subject Property to Satisfaction of Creditor's Claim.

4. In an action to quiet title to real property claimed by defendant under a prior sheriff's deed and by plaintiff under a subsequent one in actions against the same debtor, *held* that the court acquired jurisdiction of the property in the first action under attachment proceedings on an affidavit which, though defective, was voidable only, the validity of which, however, was not attacked by the debtor by motion to discharge, and had jurisdiction to subject the property to the satisfaction of defendant's demand. (See par. 3, above.)

[1]  Actions, 1 C. J., sec. 171, p. 1041, n. 83. Attachment, 6 C. J., sec. 125, p. 90, n. 83; p. 91, n. 84; sec. 251, p. 154, n. 15. Judgments, 34 C. J., sec. 1661, p. 1171, n. 94; p. 1172, n. 7.
[2]  Attachment, 6 C. J., sec. 231, p. 146, n. 33, 34.
[3]  Attachment, 6 C. J., sec. 247, p. 152, n. 92; sec. 248, p. 152, n. 98; p. 153, p. 99.
[4]  Attachment, 6 C. J., sec. 231, p. 146, n. 33; sec. 248, p. 153, n. 99.

*Appeal from District Court, Roosevelt County; S. E. Paul, Judge.*

ACTION by R. E. Patch against James M. Stewart, the Advance-Rumely Thresher Company, Inc., and others. Judgment in favor of defendant Advance-Rumely Thresher Company, Inc., and plaintiff appeals. Affirmed.

2. See 2 R. C. L. 833.
3. See 2 R. C. L. 831.

*Mr. George E. Ericson,* for Appellant, submitted a brief.

*Mr. M. J. Lamb,* for Respondent, submitted a brief and argued the cause orally.

MR. JUSTICE STARK delivered the opinion of the court.

This action involves the ownership of lots 11 and 12 of block 31 of the original town site of Poplar, Roosevelt county. The cause was submitted to the court upon an agreed statement of facts. Judgment was rendered against plaintiff, and in favor of defendant Advance-Rumely Thresher Company. Plaintiff has appealed from the judgment.

Briefly stated, the facts submitted to the court are as follows: The Thresher Company commenced an action in the district court of Roosevelt county against James M. and Grace M. Stewart, and on May 8, 1921, filed an affidavit and undertaking on attachment therein. The affidavit recited the commencement of the action, and "that the defendants in said action are indebted to this plaintiff, above all legal counterclaims, in the sum of $502.50, with eight per cent per annum interest thereon from the twelfth day of April, A. D. 1919, upon an express contract for the direct payment of money now due,  *  *  *  and the payment of the same has not been secured by any mortgage or lien upon real or personal property or any pledge of personal property, or, if originally so secured, that such security has, without any act of the plaintiff, or the person to whom the security was given, become valueless," and concluded with the statutory language to the effect that the action was not prosecuted to hinder, delay or defraud any creditor of the defendants. Thereupon a writ of attachment was issued in said cause by virtue of which the sheriff of the county, on June 8, 1921, levied upon the lots here involved. Service of summons in the action was had upon the defendants by publication, and thereafter judgment was made and given in favor of the plain-

tiff, upon which execution was issued and the premises were sold to the plaintiff in the action. No redemption was made from the sale, and on April 27, 1923, the sheriff executed and delivered to the Thresher Company a deed for the lots.

On the thirtieth day of January, 1922, the Cosier-Patch Company, Inc., commenced an action against James M. Stewart, in which the plaintiff, under the writ of attachment issued therein, caused the lots above described to be levied upon. Thereafter, in due course, judgment was duly given and made therein in favor of the plaintiff and against the defendant James M. Stewart, upon which a writ of execution was issued, and said lots were sold by the sheriff to the plaintiff therein. No redemption having been made from the sale, a sheriff's deed was issued to the plaintiff therein on September 14, 1923. The plaintiff in this action subsequently acquired the title of the Cosier-Patch Company to the lots.

The plaintiff claims title to the lots by virtue of the last-mentioned proceedings, and the Thresher Company claims title under the deed issued to it by the sheriff in its action against James M. Stewart *et al.* It is admited that, if this deed was valid, the plaintiff cannot prevail on this appeal.

The only question presented for determination is whether the attachment proceeding in the case of the Thresher Company against Stewart *et al.* was sufficient to confer upon the court jurisdiction to render judgment therein, subjecting the property in question to sale in satisfaction of the amount due to the plaintiff therein from the defendants in the action.

Summons in that case having been served by publication, [1] the action was one *in rem*. In this class of cases the jurisdiction of the court depends upon the seizure of property, or, what is, in effect, the same thing, the levy of a writ of attachment on it. Without this the court has no jurisdiction to proceed further; with it the court can proceed to subject the property levied upon to the satisfaction of plaintiff's demand.

(*Cooper* v. *Reynolds,* 10 Wall. (U. S.) 308, 19 L. Ed. 931.) The only point made against such jurisdiction in the Thresher Company's suit is an alleged defect in the affidavit for attachment filed in that case, and to this matter attention will now be directed.

The statement of nonsecurity in the affidavit follows the wording of the statute (sec. 9257, Rev. Codes 1921), and is: "And that the payment of the same has not been secured by any mortgage or lien upon real or personal property, * * * or, if originally so secured, that such security has, without any act of the plaintiff, or the person to whom the security was given, become valueless."

The specific complaint against the validity of the affidavit [2] is that the above statement is in the alternative and does not aver either that no security was ever given, or that security was originally given, but that the same has become valueless.

Section 538 of the California Code of Civil Procedure is identical with section 9257, *supra,* and the supreme court of that state, in passing upon the sufficiency of an affidavit similar to the one before us, in *Wilke* v. *Cohn,* 54 Cal. 212, said: "It would be proper to follow the langugae of the statute, in saying that payment had not been secured by any mortgage or lien upon real or personal property, * * * because it includes two or more phases of the same fact, attended with the same results, namely, that no security had ever been given; but to use the above language, and then say, 'or, if originally so secured, such security has become valueless,' is not to state either with certainty. It does not say that no security was ever given; neither does it say that security was given, but that the same has become valueless,"—and held the affidavit insufficient. The rule thus announced was followed in the subsequent cases of *Winters* v. *Pearson,* 72 Cal. 553, 14 Pac. 304, and *O'Connell* v. *Walker,* 12 Cal. App. 694, 108 Pac. 668, and the same construction has been given to similar statutes in *Eplin* v. *Bless-*

*ing,* 73 W. Va. 283, 80 S. E. 458,•and *Dintruff* v. *Tuthill,* 62 Hun, 591, 17 N. Y. Supp. 556. We think the construction of the statute appearing in the foregoing cases is correct and should be followed in this state, and for this reason we hold that the affidavit was defective.

There is nothing in *Union Bank & Trust Co.* v. *Himmelbauer,* 56 Mont. 82, 181 Pac. 332, contrary to the above construction, as the point here involved was not considered or passed upon by the court in that case. Although the affidavit there construed contained the same disjunctive statement that is questioned by the plaintiff in this case, such statement there referred only to the balance due on a note after applying the proceeds of the sale of certain mortgaged property toward the satisfaction of the original indebtedness. The only assault there made upon the affidavit was that it was not sufficient "on the ground that it does not allege that the note was not secured by some other mortgage or pledge."

This court has repeatedly held that an affidavit on attachment, which is merely defective, may be amended and is therefore not void, but only voidable. *American Surety Co.* v. *Kartowitz,* 59 Mont. 1, 195 Pac. 99, *Home State Bank* v. *Swartz,* 72 Mont. 425, 234 Pac. 281, and *Jenkins* v. *First Nat. Bank,* 73 Mont. 110, 236 Pac. 1085, are some of the late cases to that effect.

Where the defect in an affidavit is such as to render the [3] attachment voidable only, and not void, the proceedings based upon it are sufficient to confer jurisdiction over the property attached and are invulnerable to any attack, except by the defendant in the suit by appropriate action to have the attachment discharged. (*Horskey* v. *Kendall,* 53 Neb. 522, 62 Am. St. Rep. 623, 73 N. W. 953; *Miller* v. *White,* 46 W. Va. 67, 76 Am. St. Rep. 791, 33 S. E. 332; *Goodbar* v. *City Nat. Bank,* 78 Tex. 461, 14 S. W. 851; *Rabbit* v. *Weber,* 297 Ill. 491, 130 N. E. 787; *Burnett* v. *McCluey,* 92 Mo. 230, 4 S. W. 694; *Avery*

v. *Good,* 114 Mo. 290, 21 S. W. 815; *Moresi* v. *Swift,* 15 Nev.
215; *Harvey* v. *Foster,* 64 Cal. 296, 30 Pac. 849.)

Since the attachment proceedings in the Thresher Company's
[4]   case against the Stewarts was only voidable, and not void,
the levy made under the writ issued therein brought the attached
property within the jurisdiction of the court.   The defendants
in that action made no move to have the levy discharged.
Under the authorities above cited, the plaintiff in the instant
case is precluded from questioning the regularity of the levy
upon the grounds urged against it, and therefore the jurisdic-
tion of the court over the attached property was never divested.
From this conclusion it follows that the court was vested with
full power and authority to enter a judgment subjecting the
same to the satisfaction of the Thresher Company's demand
against the Stewarts, and the sheriff's deed issued to it as the
culmination of these proceedings was valid.

The judgment is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES
MYERS, MATTHEWS and GALEN concur.