[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO STRIKE (#118)
Peter Cipriano, administrator of the estate of Louis Cipriano, William Scherer, and Deanna Cipriano, bring this action against the defendant, Yankee Gas Services Company. The plaintiffs allege that the defendant negligently maintained a roadside excavation causing the plaintiff's decedent to sustain injuries causing his death. Before the court is the defendant's motion to strike count three of the second amended complaint in which Deanna Cipriano seeks recovery for bystander emotional distress.
This is the second look at this issue in the this case. On September 12, 1995, the plaintiffs filed the initial four count complaint. Count three of that complaint sought recovery for bystander emotional distress on behalf of Deanna Cipriano who alleged that she "discovered" that her brother was ejected, and suffered emotional distress as a result of her "direct sensory and contemporaneous observation of the harm and injury caused to Louis Cipriano." The defendant moved to strike this count on the ground that bystander emotional distress is not a recognized cause of action in Connecticut. On February 13, 1996, the court, McDonald, J., ruling on that motion and about to line himself with those Superior court colleagues who have found that bystander emotional distress was actionable and prepared to follow the leading California case of Dillon v. Legg, 68 Cal. 2nd 728, 441 P.2d 912 (1968), nonetheless granted the Motion to Strike because the plaintiff failed to allege that the plaintiff Deanna Cipriano failed to "observe" the negligent act which was one of the three elements required in the Dillon case to sustain CT Page 4069-C a claim for bystander emotional distress.
The plaintiffs, on March 1, 1996, following Judge McDonald's decision, filed a second amended complaint, alleging in the third count, Paragraph 16, that Deanna "observed" the injury to her brother, the decedent, and other allegations which would satisfy all of the other elements which the court in the Dillon decision stated were necessary in order to sustain a claim for bystander emotional distress. On March 8, 1996, the defendant filed this motion to strike the third count of the second amended complaint.
The Supreme Court this week ended the controversy as to whether there exists an action for bystander emotional distress with its landmark decision of Clohessey v. Bachelor, Connecticut Supreme Court, Docket No. SC15188 (May 21, 1996). The court in that decision apparently agrees with the soon to be Justice McDonald and those other jurists on the Superior Court who have held that such a claim should be actionable.[1] In any event, the Supreme Court has left no doubt that such a claim is actionable and has adopted the Dillon criteria as refined inThing v. La Chusa, 48 Cal.3d 644, 771 P.2d 814 (1989), and have very clearly enumerated the rules necessary in this state to sustain such a claim:
 "to summarize, we conclude that a bystander may recover damages for emotional distress under the rule of reasonable forseeability if the bystander satisfies the following conditions: (1) he or she is closely relate to the injury victim, such as the parent or the sibling of the victim; (2) the emotional injury of the bystander is caused by the contemporaneous sensory perception of the event or conduct that causes the injury, or by arriving on the scene soon thereafter and before substantial change has occurred in the victim's condition or location; (3) the injury of the victim must be substantial, resulting in his or her death or serious physical injury; and (4) the bystanders emotional injury must be serious, beyond that which would be anticipated in a disinterested witness and which is not the result of and abnormal response."
Clohessey, supra. CT Page 4069-D
The plaintiff has alleged all of the necessary elements in the third count of her complaint to come within the criteria of a bystander emotional distress claim as set forth in Clohessey. The court will therefore deny the defendant's Motion to Strike.
/s/ Pellegrino, J. PELLEGRINO, J.