Judge Marshall
delivered the Opinion of the Court.
This was an action of trespass vi et urmis brought by Lovier, a silversmith, against Gilpin, for entering the shop of the plaintiff with force and arms, and taking and carrying away his implements of trade, clocks, watches, jewelry, &c. &c. The defendant pleaded the general issue, and by agreement had leave, under that issue, “to give any matter of evidence which he could do under any special plea in bar.”
On the trial, the plaintiff proved that the defendant and a. deputy sheriff of the county had, during his absence from the county and State, entered his shop, under color of an attachment from a justice of the peace of the same county, and taken the> goods described in the declaration, and withheld them for several weeks; that this seizure took place about a week after he had openly left the place-of his residence, for the declared purpose of making a temporary visit do another State, after having for Several weeks publicly and repeatedly declj his intention to make such visit, and also its moth probable duration; and. that he returned about theitime expected, and more than ten days before the sitt®|;^^' the Court, to which the attachment was returnable.
The defendant then read in evidence the attackmínl Jj bond executed by him, and the attachment, issued oii^lijs complaint that the plaintiff was indebted to him, aim"' “so absconds and conceals himself that the ordinary process of law cannot be executed upon him,” and also the sheriff’s return, showing the levy upon the property of the plaintiff.
The plaintiff then read the whole re'cord of the proceedings in Court upon the attachment: from which it appears that, after several pleas had been filed, denying *322 in different forms that the defendant therein was absconding &c., and after a replication to each of these pleas, traversing its allegations, the proceeding was discontinued by the plaintiff therein; and an order made for restoring the property.
In trespass, the force is the gist of the action,and if that be justified by legal process, 'the motive of the defendant in causing it to be issued, or executed, is immaterial ; nor can it impair the efficacy of the process as a justification.
Trespass cannot be maintained for an injury committed underprocess of law, ngainst the pi if. unless the: process was void,.or has been annulled. For an abuse of the process, case is the only sustainable action.
*322 On this proof, the Court, on motion of the defendant’s counsel, instructed the jury that the evidence, if true, did not support the action. And the plaintiff’s motion 'for a new trial having been afterwards overruled, the •case has been brought to this Court by him, upon the question whether the effect of the attachment, as matter of justification, was avoided by disproving one of the facts on the ground of which it was issued; or, in other words, whether, upon the proof, the defendant is not liable as a trespasser.
In consequence of the peremptory instruction given, upon the evidence, at the instance of the defendant, the case is presented in the argument, as of a party issuing and levying an attachment with the knowledge that 'there was no just cause for such a proceeding. But 'his does not vary the question. In trespass the force is the gist of the action, and if that be justified by the process, the motive of the party, either in setting it on foot, or in directing its execution, is immaterial, what<ever may have been the consequential injury; nor can the efficacy or inefficacy of the process to justify the force committed under its mandate depend, in any degree, upon •the motive with which it was issued'or executed. However, therefore, the proof or imputation of malice might justly operate to enhance the damages, even in an action of trespass, when the right to sue for the force itself is established, it gives no aid whatever in establishing that right. And it would seem that the very necessity {if there be such necessity,) of resorting to the existence ■of malice as a ground of the action is so far an evidence that the action is not sustainable simply for the force; and therefore, that case, which is founded upon the existence of malice and the want of probable cause for the injurious proceeding, is the more appropriate remedy.
It is laid down by Chitty (1 Chit. Pl. 214, 6 Am. Ed.,) that “no person who acts upon- a regular writ, or war *323 rant, can be liable to the action of trespass, however malicious his conduct; but case, for the malicious motive and want of probable cause for the proceeding, is the only sustainable form of action,” and for this doctrine he cites several adjudged cases. In the case of Owens vs. Star, 2 Lit. 234, the same principle in effect is announced by this Court, and is declared to be applicable to an attachment issued by a justice of the peace under our statute — for the abuse of which process, as is there said, the party injured must resort to an action-on the case. That was an action of trespass against the party who had procured the attachment, and it.appeared that he was present (as in this case,), aiding the officer in levying it on the plaintiff’s goods. It was decided that, as the attachment, though voidable, was not void, it formed a justification, and might defeat the action of trespass. In the same case, the Court lays down the principle, ‘that for property taken, or a person arrested, under process of law, an action of trespass cannot be-maintained,’ unless it be “where the process is wholly irregular or void, or has been set aside and annulled, or has issued from a court or tribunal not having competent jurisdiction, or where the process has been levied or executed on the goods- or person of a stranger.” We have seen no adjudged case nor elementary treatise in. which this list of exceptions has been extended, and the principle,'subject to the exceptions stated,.is abundantly supported by authority.
An attachment for debt, issued by a justice ofthe peace, stands upon the footing of other process in this respect.
Such an attachment issued by a justice having jurisdiction, the recitals of which, and of the bond taken by him, show a case proper for its emanation, ¿¿nothing appearing upon the face of the proceedings or from the proof,to invalidate it, is a good justification in an action of trespass against the pi’if. therein, although it appears that he procured it to be issued & executed without cause, & that it was after-wards discontinued and the property restored.
*323 Assuming then, that a- valid attachment stand's upon the same footing as any other legal process, with respect to the protection which it affords to- those engaged in the execution of its mandate,, and that the force necessarily employed for that purpose- is not in itself the ground of an action of trespass against the officer or his assistants by whom it is levied, or the party by whom it is sued out — it follows- that, if this attachment was issued by a tribunal having competent authority, the plaintiff cannot maintain trespass for the seizure and asportation of his property under it, unless it was either irregular or void, or unless it had been set aside and annulled. It has not been set aside or annulled, and the only enquiry is wheth *324 er it was issued without competent authority, or is otherwise irregular and void.
The jurisdiction of a justice to issue an attachm t, depends, not upon the truth, but upon the legal sufficiency ofthe statement made to hirn by the par ty obtaining if.
Upon the face of the record of this attachment, that is, upon the face of the bond and attachment itself, there can be no question, nor is any made, as to its having been issued by the proper justice, in the proper county, and in a proper case, so far as the case is to be made out ,to the justice, in order to authorize the emanation of the process, or so far as it is to be stated in the process itself, in order to show its validity. In issuing the attachment, therefore, the justice has complied with every requisition of the law, and upon the face of the record there is no want of jurisdiction to issue process in the case; no misjudgment in deciding upon the facts necessary to authorize the process; no excess of jurisdiction, either in the nature of the process issued, or in issuing it in a case in which the law does, not authorize such process to-be sued out. For the justice is not made the judge of the facts, nor is he to enquire into them, except as they are presented in the statement of the applicant for the writ, and as thus presented, they are sufficient.
It appears then, that this proceeding will abide the most rigid application of the rule in relation to inferior and limited jurisdictions. Every thing appears that was necessary to give jurisdiction, and nothing appears to show a want of it. And this is true not only as to what appears upon the face of the process, but also upon the proof now introduced to invalidate it. The authority of the justice does not depend in any degree upon the truth of the statement made by the applicant, and on the ground of which the.attachment issues, but upon the sufficiency of the statement itself when compared with the law. To prove the falsity of a statement which is sufficient in itself, does not, therefore, disprove the authority or jurisdiction of the justice, nor prove, nor make the process void for want of authority.
Such proof makes out a case of process unduly or improperly issued, not on the ground of want of authority in the officer to issue it, but on the ground that the statement which gave the authority in the particular case, is untrue as to a fact which,’if truly stated, would *325 have shown that there was no authority in the particular case. Such proof might perhaps be sufficient, in a direct proceeding for the purpose, to authorize the annulment or vacation of the process; it would certainly be sufficient to abate the attachment, on proper pleading. But until it is set aside, or in some manner annulled, it remains a part of the record of the proceeding— functus officio, it is true, but unaffected by the extraneous matter, and being perfect and regular in itself, and still showing on its face, that it was issued by legal authority; it is therefore still sufficient tó justify the immediate acts which it commanded, though not tending to justify the illegal act of obtaining it upon a false statement, or the actual injury consequent upon that act.
Proof that an at taehmentwas oh tained hy a false statement to the justice, may sustain an action on the case against the pl’fi'. who directed its ex’on, but, unless the piocess is set aside or annulled, cannot avail in trespass against him.
Process void ab initio can pass no right, nor jus tify any act done under it
In a collateral proceeding, such process may be disregarded, and when its voidness results from an extraneous fact, proof of that fact may, it seems, he made, and the ef feet oftheprocess avoided, though it has not been declared void in a direct proceeding.
But the effect of process voidable only by reason of extraneous matters, cannot be thus avoided in a collateral proceeding.
A process.actually void ab initio, either from a defect in-itself, or from a want of authority to issue it, is wholly ineffectual, either to pass a right, or to justify an act done under it; and it may be so treated whenever it comes in question. It may, therefore, be true that when the want of jurisdiction, and, therefore the voidness of the process is to be shown by proof of an extraneous fafct, such proof may be made in a collateral proceeding, with the effect of showing the process to be void, though it had never been so declared in any direct proceeding. But when the process is not void, but voidable only, by reason of the extraneous matter, it does not follow, and it would be contrary to all the analogies applicable to the subject, to admit that it can be avoided in a collateral proceeding, by proof of the fact which shows that it is voidable, or that the proof of such fact would be equivalent to its annulment. Wherefore, even if it be conceded (which however we do not decide,) that the attachment in this case, was voidable on account of the extraneous fact in question, or that a judgment of abatement upon pleading that fact, would be such an annulment of it as would render it ineffectual for the protection of the party; still, we are of opinion that, as the proof of the fact in this action of trespass,- could not have the effect of annulling or vacating the process, it did not disprove or avoid the justification set up by the defendants, but left it still as an insuper *326 able obstacle to the maintenance of the action in this form. ,
In the cases in which trespass has been sustain eá against a party who has caused process to issue without grounds, for what is done by his direction or with his aid, the process appeared to be void on its face, or on a view of the record of which it was a part, or by reason of some extraneous fact, or it had beGn regularly set aside and annulled before the action was brought.
The cases which have been referred to, in which the action of trespass has been sustained against a party who has caused process to issue under which forcible injuries have been committed, and from which the inference has been drawn that the action is sustainable in this instance, are found, upon examination, to be cases in which, either the cause of the invalidity of the process appears on its face or on the record of which it is a part; or if the cause of the irregularity be an extraneous fact, it is either such a fact as shows the process to. be absolutely void, or else it appears that the process had been regularly set aside before the action of the trespass was brought.
In the case of Clay vs. Swett, 1 Marshall, 194, trespass was maintained for imprisoning the plaintiff on. a judge’s order for bail on mesne process in a penal action, procured by the defendant when the law did not authorize bail in such an action. Of course it appeared on the face of the process itself, or at any rate of the record of which it was a part, that the action was a penal one, and therefore, that, as matter of law, the order for bail was wholly without authority and void. Besides, even in that case, the bail had been discharged by the Court, in consequence of the illegality of the order, and probably the order itself had been set aside before the action of trespass was brought.
In the case of Webber vs. Kenny, 1 Marshall, 345, trespass was brought for imprisoning the plain tiff under a ca. sa. issued by the defendant’s order, after the death of the plaintiff in the judgment, but before any revival of the judgment. But in that case, it is stated expressly as the ground on which the action is sustained, that the ca. sa. thus issued, had been set aside.
In the case of Kennedy vs. Terrill &c. Hardin, 490, the Court say “the warrant upon its face is illegal, and without color of authority.”
In the case of Robertson vs. Roberts, 1 Marshall, 249, which, though not an action of trespass, was a collateral suit in which the attachment was declared void, it *327 appeared that it was issued by a justice in. a county other than that in which the defendant last resided; and as such justice had no authority whatever to issue it, the fact, whether it appeared on the face of the proceedings, ,as it probably did, or was made out by proof aliunde, • showed that the attachment was void ab initio.
In the case of Curry vs. Pringle, 11 Johnson’s Rep. 445-6, the warrant under which the plaintiff had been imprisoned, seems to have been issued by the justice, at the instance of the defendant, when the requisitions of the statute had not been complied with. But neither the facts of the case, nor the statute under which the warrant was issued, are stated with sufficient fullness to show the exact question presented. The presumption, is that the warrant in that case showed a non-compliance with the law, or that the facts proved showed that the justice acted without authority. But there is no determination as to the voidness of the warrant, nor any question made as to the form of the action. We cannot, therefore, take the general expressions used in that case, as applicable to one in which the justice had jurisdiction to issue the attachment, and the proceeding on its face is legal and regular.
The case of Shaver vs. White Dougherty, 6 Munford, 110, is more directly in point, and seems to sanction the conclusion at which we have arrived. In that case, which was trespass, it appeared that the defendant had obtained an attachment for a debt claimed from White, and caused it to be levied • upon the joint property of White & Dougherty, who were partners, and it was alleged that the attachment was obtained on false pretences and was iniquitous. The defendant appears to have pleaded that he was acting under the authority of the laws of Tennessee, when the attachment was issued and levied. The Court decide that the facts pleaded not only amount to a justification, but that if they do not, they show that the defendant is not responsible in trespass vi et armis. It is said, indeed, in the opinion, that the act in question was unaccompanied by force; but as the defendant caused the attachment to be levied, in doing which there must have been force, that force *328 is attributable to him, as much as if, like the present defendant, he had been actually present, as perhaps he was; and he was undoubtedly liable in trespass, unless the attachment shielded him from that action. It is to be inferred, however, that the attachment was regular in form; and the Court say, if the party “has endeavored to make the forms of law subservient to his malignity, and has instituted the proceeding with malice and without probable cause, he is responsible for his conduct, not in trespass, but in an action on the case.”— Which shows that, in the opinion of that Court, the non-existence of a fact necessary to justify the party in proceeding by attachment, does not, if the proceeding itself be according to the forms of law, authorize the action of trespass against the party for acts done in obedience to the process.
In this -case of Shaver vs. White & Dougherty, the case of Young vs. Gregory &c., 3 Call's Rep., 386 — which was an action on the case for maliciously and without legal or justifiable cause, attaching, or causing to be attached, the goods of the plaintiff — is referred to, as showing conclusively that case is the proper form of action, and that the declaration should aveh the existence of malice, and the want of probable cause of action.
Upon this review of the cases cited; we find no reason for changing, but rather for adhering to the conclusion already expressed, that the proof in this action, that the plaintifF was not absconding and concealing himself when the attachment was sued out, could not have the effect of invalidating the process, or of avoiding the justification afforded by it, or of showing that the action of trespass could be maintained. We have found no case in which the party who institutes a groundless proceeding, has been held liable as a trespasser for what is done by his direction, or with his aid, in the regular course of that proceeding, unless the process under which the act complained of was done be void, or unless, if voidable only, the .process itself, or the proceeding on which it rests, has been set aside or annulled before the action of trespass is brought. In which latter case, although the process having been ex *329 ecuted while it was only voidable, may still, after it has been annulled, be a justification to the officer who obeyed its command, it cannot, as it seems, be set up by the party himself; who, as is said in Turner vs. Felgate, 1 Levins, 95, must not only plead the writ, but the judgment also: that is, he must show in the record a proper legal foundation for the writ, where the writ depends upon a previous record for its legal ’ foundation. In this case, the bond and the recitals of the attachment are the legal foundation of the process, and have not been set aside.
In trespass, clef’t pleaded the general issue, with issue andshowed, in justification, an attachment against the pl’lf.under which he took the goods held, that, as the pl'ff, if the deft had specially pleaded thejus tification, could not traverse it, & also new assign, that some of the goods taken were not his, and not subject to the attachment, and not having admit ted the justification, butendeav ored to disprove it, he could not re cover upon proof that such goods were taken
It is argued, however, that if the attachment, as relied on by the defendant, is a complete justification for entering and taking the goods belonging to the plaintiff, and bars the action to that extent; yet as it appears that goods of the plaintiff’s customers, left with him to be repaired were also taken, for which he, as bailee in possession, might maintain trespass vi et armis, the instruction that the evidence did not support the action was erroneous. The effect of the instruction was to exclude from the jury all consideration of the evidence now referred to; and if this evidence was entitled to any effect under the issue and special leave, the instruction was in this respect improper. But if the defendant had pleaded the attachment specially in justification, and the plaintiff had replied generally, without new assigning or pleading the excess, he could not have recovered upon proof that goods were taken to which the justification did not apply (as was decided at this term, in the case of Emanuel &c. vs. Cocke &c., ante 216.) In such case, the evidence as to the taking, not included in the justification, would have been wholly immaterial. And so we apprehend it to be as the case now stands.
If the justification had been pleaded, the plaintiff could not have traversed it, and new assigned at the same time; and certainly the agreement that the defendant may prove whatever he might have pleaded, did not give the plaintiff the privilege of proving what he could not have pleaded. He could not, by his proof, any more than he could have done by his replication, traverse the justification, and new assign, that is, admit the justifica *330 tion, at the same time. And as he evidently did not admit the justification, but directed his efforts principally to disproving it, he had no right to rely or to recover upon that part of the evidence which might have been applicable under a new assignment. 1
The Court, therefore, did not err in excluding or disregarding this evidence, and instructing the jury that the action was not sustained by the proof.
Wherefore, the judgment is affirmed.