Battle, J.
 

 The effect of the tostimonj- offered by the plaintiffs in the rale, was to impeach the validity of the judgment obtained by the defendant Pender, in his attachment against Rhodes, by'showing that when he issued it ho was not a creditor of Rhodes. This coidd not be done collaterally, as has been often decided; and his Honor was, therefore, fully justified in rejecting the testimony. In the case of
 
 Skinner
 
 v. Moore, 2 Dev.
 
 &
 
 Bat. Rep. 138, one of the points adjudged was, that by our attachment law, a judgment obtained upon a proceeding in an original attachment, is placed upon the same footing with a judgment rendered in a Court of record, according to the course of the common law. It cannot be collaterally impeached by evidence or by plea, except by a plea denying the existence of the record; and is conclusive until it be set aside by the same Court, or reversed upon a writ of error or on appeal, by a superior tribunal. That case is decisive of this; and in it the reasons upon which the principle is established, are so fully and ably explained by the late Chief Justice Ruffin as to render superfluous any further comment. The judgment is affirmed.
 

 Per Curiam. Judgment affirmed.