## FRIDENBERG v. PIERSON et al.

A JUNIOR attaching creditor cannot take advantage of irregularities in the affidavit or bond given by a prior attaching creditor of a common debtor.

The fact that an affidavit for an attachment omits to aver that the sum for which the writ is asked is "an actual *bona fide* existing debt, due and owing from the defendant to the plaintiff, and that the attachment is not sought and the action is not prosecuted to hinder delay or defraud any creditor or creditors of the debt," does not render the attachment issued a nullity as against subsequent attaching creditors.

APPEAL from the Fifth District.

Plaintiff and defendants were both creditors of H. and E. Emanuel, and both issued attachments against his property. Plaintiff's attachment was levied prior to defendants', but on the same day. Plaintiff's affidavit conformed strictly to the statute. Defendants' affidavits omitted the last clause required by the statute, to wit:

"3. That the sum for which the attachment is asked is an actual *bona fide* existing debt, due and owing from the defendant to the plaintiff, and that the attachment is not sought, and the action is not prosecuted to hinder, delay or defraud any creditor or creditors of the defendant."

Plaintiff now files his bill averring in substance the above facts;

and further, that he has obtained judgment in his attachment suit, and that the attachments of defendants, though prior in date, are null and void as against him because of the omission in their affidavits to insert the last clause of the statute as aforesaid; that the property attached is not more than sufficient to pay plaintiff's judgment; that the Sheriff declines giving him priority; and that defendant Emanuel has no other property, etc.   Prayer that the attachments of defendants be set aside in favor of plaintiff.

Defendants demurred, on the ground that the complaint does not state facts sufficient to constitute a cause of action.   Demurrer overruled, and a decree made setting aside defendants' attachment, and ordering the Sheriff to pay the proceeds of the sale of the property to plaintiff, so far as necessary to satisfy his judgment. Defendants appeal.

*S. Heydenfeldt,* for Appellants.

1. There is no equity in the bill.   The claim of defendants is untainted with any suspicion of unfairness.   In equity, and according to the principles of natural justice, it is as much entitled to be paid as the claim of Fridenberg.

Equity will not allow any technical irregularity, especially in mere matter of legal process, to be sufficient to invoke her extraordinary powers.   In equity, all debts are looked upon with equal favor.   (1 Story's Eq. Jur. sec. 64, *f.*)

2. If the defect in the affidavit be admitted, then it is one which a stranger to the suit cannot complain of.   It is a mere irregularity in the preliminary step to obtain a certain process.   For this irregularity nothing could be attacked but the process itself, and no one can attack the process except the party against whom it issues. (*Cook* v. *Lathrop,* 18 Me. 260.)

*H. P. Barber,* for Respondent.

Appellants insist that a "stranger" cannot take advantage of the insufficiency of the affidavit.   This might be a good answer on motion as to a technical irregularity, but hardly on original bill going to the merits of the proceeding.   Respondent makes the appellants and Sheriff parties to a civil action; he is no longer a "stranger"

11

to them; he shows a valid title, calls upon them to show why they are interfering with his rights under a pretended and fictitious one, and following the maxim "for every wrong a remedy," asks for that remedy in the most effectual mode.    The omission of the most material part of the affidavit, that which shows the good faith and integrity of the party in issuing the attachment, is not a mere "irregularity," but a jurisdictional defect, and renders the attachment void, though colorably regular.    (*Roberts* v. *Landecker*, 9 Cal. 262; *Low* v. *Henry*, Id. 538.)

Appellants are claiming a lien upon property to which they are not entitled, and preventing us from the enforcement of our lien; a proper subject of equitable interference.    (2 Johns. cases, 258, 280; 3 Johns. 138; 6 Id. 331; 12 Wend. 222, etc.) .

BALDWIN, J. delivered the opinion of the Court—COPE, J. concurring.

We think that the bill in this case cannot be maintained upon the facts therein stated.    The bill is filed to set aside the prior attachments of the defendants—the plaintiff being a junior attaching creditor—upon the ground of the insufficiency of the affidavits of the defendants.    The defect is alleged to be the omission to aver that the sums for which the writ is prayed are actual *bona fide* existing debts due and owing from the debtor, and the omission to state that the attachment was not sought, and the action was not prosecuted, to hinder, delay and defraud creditors of the debtor.    It is observable that no charge of fraud is made; nor are these circumstances stated or relied on as proofs of fraud; but it is claimed that the attachments, by reason of these omissions, are nullities; and therefore, the property levied on by them stands unaffected by the proceeding, and subject to the plaintiff's claim. Drake on Attachment, sec. 771, says: "Whatever irregularities may exist in the proceedings of an attaching creditor, it is a well settled rule that other attaching creditors cannot make themselves parties to those proceedings, for the purpose of defeating them on that account.    But where an attachment is based on a fraudulent demand, or one which has in fact no existence, it is otherwise, as will appear from a review of the action of Courts of a high order of learning and ability."

What are irregularities within the meaning of the text, is illustrated by the cases referred to by the author. Thus, in *Foster* v. *Jones,* (1 McCord, 116) the irregularity consisted in the omission of the plaintiff to make affidavit of his debt before suing out the writ of attachment. In *Chambers* v. *McGee,* (1 Hill, S. C. 229) in the omission to give the requisite bond; in *Cumberland* v. *Hale,* (3 McCord, 345) in giving the attachment bond in double the debt, instead of double the damages or sum sued for; in *Kincaid* v. *Neall,* (3 McCord, 201) in the omission to return the attachment bond; in *Vanarsdale & Warnock* v. *Drum,* (9 Mo. 401) for insufficient bond. In some cases, third parties have been allowed to intervene where the debtor was shown not to be subject to the process, or the defendant's property not so subject. But, if the defendant does not insist upon the statutory steps being taken in the matter of a bond or affidavit, in the proper form, we cannot perceive upon what principle a creditor can interfere, any more than in the case of a judgment rendered upon an insufficient complaint, or otherwise irregular and reversible. (See *Dewey* v. *Pollack,* 8 Cal. 572; *Patrick* v. *Montader,* 13 Cal. 441.)

Judgment reversed and cause remanded.