# CASES DETERMINED

## August Term, 1885.

---

RICE and others, Appellants, vs. WOLFF, imp., Respondent.

*December 4 — December 23, 1885.*

ATTACHMENT. *(1) Partnership debt. (2) Affidavit, when and by whom traversed. (3) Execution: Waiver of priority.*

1. Defendant held the note of one K. for moneys loaned to him and used by him in his business. K. formed a partnership with H., the latter agreeing to pay for his interest in the firm by paying the note to defendant out of his share of the profits. By agreement with the defendant the note of K. was surrendered and the firm assumed the debt, giving the firm note therefor. *Held*, that the defendant could enforce collection of the debt, as a firm debt, by attachment of the firm property.
2. When attachment proceedings are valid on their face, and there was no fraud or collusion, the statements in the affidavit cannot be traversed by other creditors on a bill in equity instituted several months after the property was seized on the writ.
3. A prior attaching creditor does nòt waive or lose his rights as such by a failure to issue execution on his judgment while the validity of his attachment is in controversy.

APPEAL from the Circuit Court for *Lincoln* County.

The case is thus stated by Mr. Justice CASSODAY:

" Three of the plaintiffs as a firm, and the other plaintiff, as several attaching, judgment, and execution creditors of E. Kluetz & Co. (the company being Herman C. Wolff), bring this bill in equity against the debtors, and *Caroline Wolff*

and Gotlieb Wolff as several prior attaching creditors of the same debtors and the same property, and the sheriff executing the same, to set aside the latter attachments and subject the property to the payment of the several claims of the plaintiffs. The debtors answered separately, as did also *Caroline Wolff*.

" On the trial it was found, among other things, as matters of fact, in effect, that the debtor Herman C. Wolff was the son of the defendants *Caroline* and Gotlieb; that the defendant Kluetz was the brother of *Caroline;* that for several years prior to November 1, 1883, Kluetz had been doing business as a merchant at Merrill, and was indebted to the defendant *Caroline* in the sum of $2,000 for money loaned by her to him and used by him in carrying on his said business, and that no part thereof had been paid, and for which she then held his promissory note payable on demand; that November 1, 1883, Kluetz and Herman C. entered into partnership under the above firm name, and then and thereafter engaged in said business of merchants. formerly conducted by Kluetz, whose former stock in trade and outstanding accounts were then transferred to the new firm; that, at the time of the formation of said partnership, it was mutually agreed between them and said *Caroline* that the latter should surrender her note against Kluetz, and that the firm of E. Kluetz & Co. should assume and pay the amount to her, and give her the firm note, payable on demand, bearing date November 1, 1883,— all of which was done, and the note executed by the firm and delivered to *Caroline* within one week after that date; that Herman C. was to pay for his interest in the firm by paying the amount of said note out of his share of the profits of the firm, and also a debt from Kluetz to his father of $885, assumed by Herman C.; that the firm continued to do business until February 23, 1884, when the stock in trade was attached by the firm of Inbusch Bros., creditors of the debtor firm;

that February 25, 1884, *Caroline*, without any collusion with the debtors, or any intent to defraud, commenced an action against the firm on the debt secured by the said firm note, and attached the property of the firm, and that she got judgment therein on default March 19, 1884, for $2,123.60; that without any collusion, or intent to defraud, she ·collected $28 on garnishee proceedings in the same action; that Gotlieb attached the same stock on his claim February 25, 1884, and got judgment thereon March 19, 1884; that the several attachments of the respective plaintiffs were levied on said stock February 26 and 28, 1884, upon debts of the firm, and were followed by judgments and executions thereon in July, 1884; that the firm was insolvent, and its property in the hands of the said sheriff, and would not bring more than $4,000.

"As conclusions of law, the court, in effect, found that the plaintiffs were entitled to judgment as against Kluetz and Herman C. and Gotlieb, declaring the attachment and judgment of said Gotlieb, illegal, fraudulent, and void, and setting aside and vacating the same with costs; that *Caroline* was entitled to judgment against the plaintiffs, denying the prayer of the complaint as to her, with costs; and ordered judgment accordingly, which was entered. From that part of the judgment in favor of *Caroline*, the plaintiffs appeal."

For the appellants there was a brief by *Curtis & Curtis*, and oral argument by *Mr. H. H. Curtis*. They contended, *inter alia*, that the fact that money loaned to a partner is used in the firm business does not make such loan a firm debt or entitle the lender to enforce its payment out of the partnership assets, even of the individual partner, unless they are more than sufficient to pay firm debts. *Willis v. Bremner*, 60 Wis. 622; *Coster v. Clark*, 3 Edw. Ch. 411; *Adams v. Paige*, 7 Pick. 542; *Buffum v. Seaver*, 16 N. H. 160. The respondent's judgment against the firm was obtained in March, 1884, and this action was not tried until

September, 1884. The respondent had never issued any execution upon her judgment. It is very doubtful whether she could allow so many months to elapse after her attachment lien had been merged in a judgment, without issuing execution, and then claim priority over those whose executions had been duly levied during the time of such delay. As to the merger of the attachment lien in the judgment, see Waples on Attachment, 489–92, 510, 583; *Suydam v. Huggeford*, 23 Pick. 472.

For the respondent there was a brief by *Silverthorn, Hurley & Ryan*, and oral argument by *Mr. Hurley* and *Mr. Ryan*.

CASSODAY, J. After a careful reading of all the testimony, we are forced to the conclusion that the findings of the court are sustained by the evidence. To enforce this by recitals of testimony and argument would simply incumber the reports without any benefit to any one or the public. It will not be indulged. The validity and justice of *Caroline's* debt against Kluetz, November 1, 1883, is not questioned. It represented the amount of her money in the business of Kluetz, which was then turned over to the new firm. At that time Herman went into partnership with Kluetz, but without any capital. The firm then took the property which *Caroline's* money had secured. There was no inducement nor reason for her to impair or lessen her security. The form of it could only be changed by her consent and agreement. If she gave up her note against Kluetz, it was but equitable that the firm should assume the debt and give her the firm note in lieu of it. Such was the agreement as found by the court. In pursuance of that agreement, the firm note was given within a week from the formation of the partnership, and dated as of the time of the agreement. Under the agreement, as found, we think it was essentially a firm debt. Being a firm debt,

and based upon a good consideration, it was just as equitable as the debts of the plaintiffs which were subsequently contracted. The firm being justly and equitably indebted to *Caroline* on the firm note, she had the same right to attach the firm property thereon as any of the plaintiffs, or any other firm creditor. The charge that the attachment by *Caroline* was procured by collusion with the debtors, and with the intent to defraud other creditors, is negatived by the findings, which are sustained by the evidence.

The attachment proceedings in favor of *Caroline* appear to be valid upon their face. There is no claim to the contrary. This being so, the case is distinguishable from *Hawes v. Clement*, 64 Wis. 152. Being valid upon their face, and there being no fraud or collusion, we do not think the statements contained in the affidavit for the attachment could be traversed, or were open to controversy on this bill in equity, instituted several months after the property had been seized upon the writ. The right of traverse is given by statute. Sec. 2745, R. S. This being so, it must be accepted with its restrictions and limitations. The time for its exercise is limited. The right of its exercise is only given to a defendant. *Ibid.; Howitt v. Blodgett*, 61 Wis. 380. Possibly it might be made available to other representative parties, but not without being made on leave of the court first obtained. *Ibid.*

We cannot hold that *Caroline* waived or lost her attachment by failing to issue execution while the rights of the parties were in controversy.

For the reasons given, that part of the judgment of the circuit court appealed from is affirmed. In pursuance of a request of the plaintiffs, the clerk is at liberty to remit the record at once.

*By the Court.*— Ordered accordingly.