[No. 18232.   Department Two.—February 28, 1894.]

JAMES SHEA ET AL., APPELLANTS, v. R. B. JOHNSON ET AL., RESPONDENTS.

ATTACHMENT—PRIORITY—INSUFFICIENT COMPLAINT.—A complaint in an action to subordinate a prior attachment lien of the defendant, to a subsequent attachment lien of the plaintiffs, upon the ground that the affidavit of the defendant that the debt was unsecured, was false, and stating that his suit was for rent, and that he had retained a lien upon personal property in possession of the debtor on the leased premises, but stating no facts from which the court could see that some particular kind of lien did exist on personal property out of possession of the defendant, and not attacking the justness or validity or good faith of the debt to the defendant, does not state a cause of action.

ID.—CONFESSION OF JUDGMENT—BILL OF SALE.—The fact that the debtor before the issuance of the plaintiff's attachment confessed judgment to the defendant, upon which an execution was issued and levied upon the property in question, and also gave to the defendant a bill of sale of personal property without a change of possession, it not appearing that the judgment was confessed for more than was just and legally due, or that the value of the property was greater than the just claim of the defendant, cannot injure the plaintiffs or entitle them to subordinate the prior lien of defendant's attachment to a subsequent lien of plaintiff's attachment.

ID.—IMPROPER AFFIDAVIT—ATTACHMENT BY BONA FIDE CREDITOR.—The general rule is, that where the claim of the prior attaching creditor is for a *bona fide* debt without tinge of fraud, an objection to the attachment proceedings on the ground of the impropriety of the affidavit for the attachment, can be successfully made only by the defendant in the attachment suit.

APPEAL from a judgment of the Superior Court of Fresno County.

The facts are stated in the opinion of the court.

*L. L. Cory*, for Appellants.

*E. W. Risley*, for Respondents.

McFARLAND, J.—A demurrer to the complaint was sustained, and plaintiffs electing not to amend, judgment was entered for defendants. Plaintiffs appeal from the judgment.

It was averred in the complaint that defendant Johnson brought an action against defendant Zetz to recover money alleged to be due from the latter to the former, and in said action caused certain described personal property of Zetz to be attached; and that afterwards plaintiffs brought an action against said Zetz and caused the same property to be attached. The purpose of the present action is to have it decreed that the attachment of plaintiffs, though subsequent in time, is a prior lien to the attachment of Johnson.

There is no averment that the money sued for by Johnson was not justly due and owing to him from Zetz, or that the alleged cause of action in *Johnson v. Zetz*, was in any way false or fraudulent; nor is there

any averment that the attachment proceedings in that action were on their face in any way invalid. It is averred, however, that the statement in the affidavit of attachment that "the claim sued upon had not been secured by any mortgage or lien upon real or personal property, or any pledge of personal property" was false; that Johnson has leased certain real property to Zetz; that his suit was against Zetz for rent due upon the lease; and that Johnson did "retain a lien" upon said personal property mentioned in the complaint for the payment of said rent. (It seems that the personal property was owned by and in the possession of Zetz, and was on the leased premises.) There is no other attack in the complaint on the validity of the said attachment proceedings.

We think that the demurrer was properly sustained. In the first place, as plaintiffs do not attack the justness and validity, either in whole or in part, of Johnson's cause of action against Zetz, it is doubtful if they could avail themseves of the falsity of the affidavit as to the nonexistence of the lien—even if that falsity were sufficiently averred. We have been referred to no cases in which a junior attachment has been given precedence over a prior one, where the good faith of the debt for which the first attachment issued was admitted. The general rule is that where the claim of the prior attaching creditor is for a *bona fide* debt without tinge of fraud, such an objection to the attachment proceeding as that insisted on in the case at bar can be successfully made only by the defendant in the attachment suit. (*Fridenberg* v. *Pierson*, 18 Cal. 152; 79 Am. Dec. 162; *Patrick* v. *Montader*, 13 Cal. 435; *Harvey* v. *Foster*, 64 Cal. 296; *Scrivener* v. *Dietz*, 68 Cal. 1; Drake on Attachment, sec. 771.) But if it be admitted that the falsity referred to rendered the Johnson attachment wholly void, so that a stranger could successfully assail it, still there is no sufficient averment of such falsity. The only averment on the subject is that Johnson did "retain a lien" on the said personal property. If there could be any cir-

cumstances under which a mere general averment that a person retained a lien, without any intimation of its nature or character, could be considered as a statement of a *fact* within the meaning of the law of pleading, such circumstances do not appear on the face of the complaint in the case at bar. Indeed, it is hard to imagine what kind of a lien a man could "retain" on personal property out of his possession. He might, perhaps, *acquire* some sort of a lien on such property; but where the purpose of a pleader is to aver the falsity of a statement that there was no lien, and to thereby overthrow an attachment, he certainly should aver some facts from which the court could see that some particular kind of lien did exist.

There are some additional averments in the complaint that said Zetz, before plaintiff's attachment issued, confessed judgment to Johnson, upon which an execution was issued and levied upon the property in question, and also gave to Johnson a bill of sale of said personal property to Johnson, without change of possession; and these averments are somewhat insisted on in the briefs. We cannot see, however, how plaintiffs were injured by the things thus averred. The amount of the judgment confessed is not stated, and there is no averment that it was for more than was justly and legally due. The bill of sale seems to have been of little consequence; and it does not appear that the value of the property was greater than the just claim of Johnson.

The judgment is affirmed.

DE HAVEN, J., and FITZGERALD, J., concurred.