## HILLMAN v. GRIFFIN.*

### Sac. No. 342; November 27, 1899.

#### 59 Pac. 194.

**Attachment—Collateral Attack.—Evidence to Impeach an Affidavit** of attachment is not admissible in a collateral proceeding by a stranger to the attachment suit to recover possession of the property.[1]

**Appeal.—Where There is a Substantial Conflict** in the evidence, the finding of the trial court will not be disturbed.

**Replevin.—Defendant Seized in Attachment Certain Stock** which plaintiff claimed to have purchased from the defendant in attachment. Plaintiff's statement that he purchased the stock and had been in continued possession for some years prior to the attachment was uncontradicted. Held, he was entitled to recover such stock, although it happened to be, at the time of the levy of attachment, on the ranch of defendant in attachment.

APPEAL from Superior Court, Sacramento County.

Action by A. C. Hillman against C. W. Griffin. Judgment for defendant. Plaintiff appeals. Reversed.

Robert T. and William H. Devlin and F. E. Baker for appellant; C. W. Thomas for respondent.

VAN DYKE, J.—This action is in the nature of replevin. The plaintiff claims the property through purchase from Mrs. Emma H. Briggs, owner of the Glorietta Vineyard ranch in Yolo county. It consists of a large quantity of boxes and trays used on a fruit ranch, together with the tools and implements of various kinds necessary for the cultivation of such ranch, all embraced in the bill of sale dated the 12th of January, 1895, for the consideration, as stated by the plaintiff, of $6,000; also two mules and one mare, of the value of $500, not embraced in said bill of sale but purchased by the plaintiff from the said Mrs. Briggs in 1893. The defendant justifies the taking of the property in question as sheriff of Yolo county under proceedings in attachment in the suit of the

---

*For opinion on rehearing, see post, p. 358, 59 Pac. 696.

[1] Cited in the note in 123 Am. St. Rep. 1045, on proceedings to dissolve attachments.

West Valley Lumber Company, a corporation, against said Emma H. Briggs. The property, at the time of the seizure and taking by the defendant as sheriff, was on the said Glorietta Vineyard ranch. The affidavit in the attachment proceedings states that the action is brought upon a certain promissory note for the principal sum of $3,160, dated June 30, 1893, due eight months after date, with interest at the rate of ten per cent per annum from date until paid; "that the same has been and is secured by a mortgage on real property, as appears of record in the records of Yolo county, California, in book 37, at page 626; that since the making and delivery of said mortgage, without any act of plaintiff, such security has become and is valueless." The defendant in said action, Mrs. Emma H. Briggs, appeared in the action, but raised no objection to the attachment proceedings. In rebuttal the plaintiff offered to prove the value of the Glorietta Vineyard ranch, the property covered by the mortgage to the West Valley Lumber Company, and that it had not decreased but had increased in value, and was worth more than the prior encumbrance thereon, and had not become valueless since the mortgage to the said West Valley Lumber Company, as stated in said affidavit. The court sustained an objection to this offered testimony, and this ruling of the court is assigned as one of the errors on the part of plaintiff, and pressed with considerable vigor. The plaintiff was not a party to the attachment suit, and the offered testimony is in the nature of a collateral attack by a stranger to the proceeding. In Shea v. Johnson, 101 Cal. 457, 35 Pac. 1023, the contest was between a junior and prior attachment, and it was sought, as in this case, to attack the prior attachment collaterally, and the court said: "The general rule is that, where the claim of the prior attaching creditor is for a bona fide debt without tinge of fraud, such an objection to the attachment proceedings as that insisted on in the case at bar can be successfully made only by the defendant in the attachment suit"; citing Fridenberg v. Pierson, 18 Cal. 152, 79 Am. Dec. 162; Patrick v. Montader, 13 Cal. 435; Harvey v. Foster, 64 Cal. 296, 30 Pac. 849; Scrivener v. Dietz, 68 Cal. 1, 8 Pac. 609; Drake on Attachments, sec. 771. In Scrivener v. Dietz, referred to, as in this case, it was sought to impeach the affidavit in the attachment proceeding, and the court say: "Admittedly,

this irregularity in the affidavit constituted good ground for a motion by the attachment debtor to dissolve the attachment; and, if such a motion had been made by him to the court in which the action was pending, it would have been the duty of the court to have dissolved the attachment. . . . . But neither the regularity of the affidavit nor the validity of the attachment issued upon it was questioned by the debtor. He therefore waived whatever irregularities existed in either, and as against him, at least, the attachment was valid and operative; so that its execution according to law ·operated to create a provisional lien upon the property on which it was levied in favor of the attaching creditors. . . . . The attachment proceedings are not attackable collaterally for an infirmity in the affidavit''; citing authorities. ''Notwithstanding the infirmity, the judgment was not void; it was only voidable at the instance of the attachment defendant, and could not be assailed collaterally by a stranger.'' The court below, therefore, in excluding the offered testimony, is sustained by authority. The same rule holds in regard to plaintiff's objection to the undertaking in attachment. One of the issues tried in the action was as to the delivery of the property sold by Mrs. Briggs to the plaintiff, mentioned in the bill of sale, and on this issue the court finds as follows: ''That on the —— day of January, 1895, the said Emma H. Briggs made, executed, and delivered to the plaintiff herein a bill of sale of the property herein, and that on the eighth day of February, 1895, at the date of the levy of said writ of attachment and the date of the taking and seizure of said property by the defendant herein, the said Emma H. Briggs had not delivered the possession of said property to the plaintiff herein; that at said date last aforesaid the property was in the possession of Emma H. Briggs; that the transfer of said personal property from said Emma H. Briggs to the plaintiff herein (she at the time having possession and control of said property) was not accompanied by immediate delivery, and was not followed by an actual and continued change of possession of the property so transferred, the property in question; that said transfer and bill of sale were fraudulent and void against the said West Valley Lumber Company, it being a creditor of said Emma H. Briggs while she was in the possession of said property.'' The most that can be said in favor of the contention of the plaintiff

that this finding is not supported by the evidence is that there was a substantial conflict in the evidence in reference to the delivery and continued change of possession of the property mentioned, and, that being the case, the finding must be allowed to stand. But, in addition to the property mentioned in the bill of sale, and referred to by the court in its finding, the sheriff seized at the same time, as already stated, two mules and one dark brown mare, of the value, as found by the court, of $500. The testimony of plaintiff shows that these two mules and mare were purchased at Davisville in 1893, and brought by him to the Glorietta vineyard, which is about ten miles from where they were purchased; and he testifies that they had been in his possession since their purchase in 1893, except for a short time, when he sold them to a Mr. Maxwell, who did not come up to the terms of sale, and returned them to the plaintiff. There is no evidence in the record in conflict with or contradicting the testimony of the plaintiff in this respect, and his testimony is corroborated by the bill of sale, which is set out in the record, and which does not contain these mules and mare, but does enumerate specifically all the other articles seized excepting them. The finding, therefore, that these articles had not been delivered at the time of sale, and that the possession had not continued in the plaintiff, is entirely unsupported by the evidence. They were purchased by the plaintiff, if not before the date of the note on which the attachment proceedings were had, at any rate long before the said note matured, and there is nothing to show that their sale and transfer was not founded upon a valuable consideration, and made in good faith; and the mere fact that they happened to be at the time of the seizure upon the Glorietta Vineyard ranch does not alter the case. Much other property might have been on that ranch, belonging to various parties entirely unconnected with Mrs. Briggs, at the time of the attachment proceedings. The judgment is reversed, and the superior court is directed to correct its findings according to the evidence at the trial as herein pointed out, so that it will appear therefrom that the above-named mules and horse were not the property of Emma H. Briggs at the time they were taken by the defendant, or subject to seizure on such writ of attachment then held by the defendant; and thereupon to enter judgment in accord-

ance with the findings as so modified and corrected. The order denying a new trial is affirmed.

We concur: Harrison, J.; Garoutte, J.

ON REHEARING.

December 28, 1899.

59 Pac. 696.

PER CURIAM.—On petition for a rehearing of this cause, it is ordered that a rehearing be denied, but the judgment of the department is hereby set aside, and the following judgment given in place thereof: The judgment and order of the superior court denying a new trial are reversed and the cause remanded.