(April 28, 1926.)

FRED MITCHELL, Trustee in Bankruptcy of WALTER
R. SEBREE, · Respondent, v. ADA INVESTMENT
COMPANY, a Corporation, Appellant.

[246 Pac. 10.]

BANKRUPTCY—TRUSTEE'S STATUS—ATTACHMENT—STATUS OF ATTACH-
MENT LIEN—AFFIDAVIT FOR ATTACHMENT—FALSITY OF AFFIDAVIT—
REMEDY—EFFECT OF DEFENDANT'S LACHES.

1. Only valid liens, obtained more than four months prior to
filing of bankruptcy petition, are exempted from operation of
Bankruptcy Act.

2. Status of trustee in bankruptcy under Bankruptcy Act, sec.
70 (U. S. Comp. Stats., sec. 9654), vesting him with title of bank-
rupt as of date of adjudication, and under section 47, subd.
(a) (2), being U. S. Comp. Stats., sec. 9631, vesting him with
rights of judgment creditor as to property not in custody of
bankruptcy court, is assumed as of date of filing petition in bank-
ruptcy.

3. Lien, created by attachment obtained more than four months
prior to bankruptcy, is not affected because judgment was en-
tered within four months' period.

4. Affidavit for attachment, setting forth that security originally
pledged had become valueless, is sufficient as against contention
that it should also have alleged that debt was not secured by any
mortgage or pledge.

5. Court had jurisdiction to issue writ of attachment on affi-
davit sufficient on its face.

6. Person against whom action is instituted, and whose property
is attached, may not sit by and, after judgment is rendered, have
attachment vacated because of falsity of affidavit, under C. S.,
secs. 6812, 6814, though attachment could have been discharged
because of falsity by going into court.

7. Trustee in bankruptcy is not entitled to have lien of at-
tachment declared void because of falsity of affidavit, where lien
was perfected more than four months prior to adjudication of
bankruptcy, though judgment was not taken till within four
months' period; there being no fraud or collusion between attach-
ment creditor and bankrupt.

8.  Though attachment issued on false affidavit will be dissolved, falsity must be brought to court's attention, in action in which writ issued.

APPEAL from the District Court of the Seventh Judicial District, for Canyon County. Hon. Ed. L. Bryan, Judge.

Action to have the lien of an attachment declared void. Judgment for plaintiff. *Reversed.*

Richards & Haga, for Appellant.

A trustee in bankruptcy has only the rights, remedies and powers of a lien creditor as of the date of the filing of the petition in bankruptcy, and no more. (Sec. 472, cl. 2, 1 Fed. Stats. Ann., p. 933; *Bailey v. Baker Ice Machine Co.,* 239 U. S. 268, 36 Sup. Ct. 50, 60 L. ed. 275; *Acme Harvester Co. v. Beekman Lbr. Co.,* 222 U. S. 300, 32 Sup. Ct. 96, 56 L. ed. 208; *Fairbanks Steam Shovel Co. v. Wells,* 240 U. S. 642, 36 Sup. Ct. 466, 60 L. ed. 841; *Reeves v. York etc. Co.,* 249 Fed. 513.)

It is only a lien obtained within four months of the filing of the petition in bankruptcy that may be avoided by a trustee in bankruptcy and all liens prior thereto are expressly recognized and protected by the Bankruptcy Act. (Sec. 67f, 1 Fed. Stats. Ann., p. 1130; *Metcalf Brothers v. Barker,* 187 U. S. 165, 23 Sup. Ct. 67, 47 L. ed. 122; *In re Blair,* 108 Fed. 529; *In re Crafts-Riordan Shoe Co.,* 185 Fed. 931.)

Where an attachment lien is obtained more than four months prior to the filing of a petition in bankruptcy, even

Publisher's Note.

1.  See 3 R. C. L. 296.
2.  See 3 R. C. L. 231.
8.  See 2 R. C. L. 874.

See Attachment, 6 C. J., sec. 231, p. 146, n. 34; sec. 247, p. 152, n. 95; sec. 982, p. 422, n. 99; sec. 985, p. 422, n. 8 New; sec. 1018, p. 437, n. 30; sec. 1025, p. 442, n. 62, 62 New.

Bankrupt, 7 C. J., sec. 227, p. 136, n. 66, 67; sec. 287, p. 185, n. 33; sec. 290, p. 195, n. 79; p. 196, n. 81.

though the judgment or decree is obtained within such period, it cannot be attacked by a trustee in bankruptcy, unless absolutely void, such judgment or decree so made within the four months' period creating no new lien but merely sustaining and affirming the attachment lien. (*In re Beaver Coal. Co.*, 113 Fed. 889, 51 C. C. A. 519; *In re Crafts-Riordan Shoe Co., supra; In re Kavanaugh*, 99 Fed. 928; *In re Schow*, 213 Fed. 514; *In re Kerby v. Dinnis*, 95 Fed. 114; *Blair v. Brailey*, 221 Fed. 1, 136 C. C. A. 524; *Thompson v. Fairbanks*, 196 U. S. 516, 25 Sup. Ct. 306, 49 L. ed. 577.)

C. S., sec. 6780, provides for the issuance of a writ of attachment in two distinct classes of cases, one where the payment of an indebtedness was unsecured and the other where originally secured and the security has become valueless, and the affidavit provided for each class is different, and neither class is required to state facts required for the other class, so that in the second class where the indebtedness was originally secured it is not necessary to negative security as required in the case of the first class of attachment. (*Farmers' State Bank v. Gray*, 36 Ida. 49, 210 Pac. 1006; *Knutsen v. Phillips*, 16 Ida. 267, 101 Pac. 596; *Heaton v. Panhandle Smelting Co.*, 32 Ida. 146, 179 Pac. 510; *Vollmer v. Spencer*, 5 Ida. 557, 51 Pac. 609.)

Attachment proceedings are not void because the affidavit upon which they are based is false in fact, unless the same appears upon the face of the record of such attachment proceedings. (Van Fleet, Collateral Attack, sec. 532; *Lovier v. Gilpin*, 6 Dana, 321, 36 Ky. 478; *Harrison v. Pender*, 44 N. C. 78, 57 Am. Dec. 573; *Gooden v. Lewis*, 101 Kan. 482, 167 Pac. 1133.)

Where jurisdiction to act in one proceeding is attacked in another proceeding, such jurisdiction always depends upon the allegations and not upon the facts. The truth of the allegations does not constitute jurisdiction; it must be necessarily determined from the allegations, assuming them to be true. (Waples, Attachment, p: 28; Van Fleet, Collateral Attack, secs. 60, 532, pp. 5, 29; *Stuart v. Allen*,

16 Cal. 473, 76 Am. Dec. 551; *Richardson v. Butler,* 82 Cal. 174, 16 Am. St. 101, 23 Pac. 9; *Darling v. Conklin,* 42 Wis. 478; *Beebee v. Pyle,* 1 Abb. N. C. 412; *Fitch v. Miller,* 20 Cal. 352; *Dennis v. Crittendon,* 42 N. Y. 542; *Electric Plaster Co. v. Blue Rapids City,* 81 Kan. 730, 106 Pac. 1079, 25 L. R. A., N. S., 1237; *Murphy v. Montandon,* 3 Ida. 325, 35 Am. St. 279, 29 Pac. 851; *Garrett Bib. Inst. v. Minard,* 82 Kan. 338, 108 Pac. 80.) .

Alfred F. Stone, for Respondent.

An attachment levied more than four months prior to bankruptcy in order to protect a judgment in such suit rendered within the four months' period from the operation of section 67 of the Bankruptcy Act must be valid. (*In re Schow,* 213 Fed. 514.)

The affidavit for a writ of attachment must set forth all of the statutory requirements, either in the language of the statutes or in language of substantially the same purport or meaning. If it fails to do so the court has no jurisdiction to issue the writ. (*Kerns v. McAulay,* 8 Ida. 558, 69 Pac. 539; *Ross v. Gold Ridge Min. Co.,* 14 Ida. 687, 95 Pac. 821; *Knutsen v. Phillips,* 16 Ida. 267, 101 Pac. 596; *Bellevue State Bank v. Lilya,* 35 Ida. 270, 205 Pac. 893.)

When an affidavit for writ of attachment admits that one kind of security has been given for the debt sued on, it should negative the fact that any other of the forms of security mentioned in the statute have been given in order to entitle a plaintiff to a writ of attachment. (C. S., sec. 6780; *Farmers' State Bank of Star v. Gray,* 36 Ida. 49, 210 Pac. 1006; *Knutsen v. Phillips, supra; Bellevue State Bank v. Lilya, supra.*)

An attachment upon two causes of action, one of which is secured, will be dissolved. (*Willman v. Friedman,* 3 Ida. 734, 35 Pac. 37.)

An attachment issued upon a false affidavit will be dissolved. (*Mark Means Transfer Co. v. MacKenzie,* 9 Ida. 165, 73 Pac. 135; *Barton v. Groseclose,* 11 Ida. 227, 81 Pac. 623; *Willman v. Friedman, supra.*)

An attachment issued upon a false affidavit is void. A creditor acquires no rights under a void attachment. (*Murphy v. Montandon,* 3 Ida. 325, 35 Am. St. 279; 29 Pac. 851; *Vollmer v. Spencer,* 5 Ida. 557, 51 Pac. 509.)

A third person injuriously affected by a void attachment may maintain an action to set the same aside even after judgment has been entered in the attachment suit, since jurisdictional defects are not, like other irregularities, waived by plea of the defendant to the merits. (C. S., sec. 6816; *Murphy v. Montandon, supra; Kerns v. McAulay,* 8 Ida. 558, 69 Pac. 539; *Whitney v. Brunette,* 15 Wis. 61; *Walker v. Roberts,* 4 Rich. (S. C.) 561; *Schwartz v. Cowell,* 71 Cal. 306, 12 Pac. 252; *Greene v. Trip,* 11 R. I. 424.)

WM. E. LEE, J.—On August 28, 1920, there was pending in the district court for Canyon county an action in which the Overland National Bank was plaintiff and Walter R. Sebree was defendant. On that date there was filed in the action an affidavit for attachment and thereafter a writ of attachment was issued under which property belonging to Sebree was attached. On the twenty-seventh day of December, 1920, judgment was made and entered in favor of the bank and against Sebree. Execution issued and the property theretofore attached was sold at sheriff's sale.

Sebree filed a petition in bankruptcy on March 12, 1921, and was thereafter adjudged a bankrupt. On May 21, 1921, the present action was commenced. The plaintiff is the trustee in bankruptcy of Sebree, as indicated by the title, and the defendant is the successor in interest of the Overland National Bank, the plaintiff in the action against Sebree. The purpose of this action, as expressed in the prayer, was to have the attachment lien obtained in the action of *Overland National Bank v. Sebree* "declared null and void and that the same and all proceedings thereunder be dissolved." It is alleged that on December 27, 1920, the said Sebree was insolvent. This was the date of the entry of the judgment against Sebree. There is no allegation that Sebree was indebted, other than to the Overland

National Bank, when the attachment was obtained. The cause was tried to the court without a jury, and the appeal is from a judgment in favor of the trustee.

[1] While the Bankruptcy Act recognizes the validity of liens obtained more than four months prior to the filing of the petition in bankruptcy, a fair consideration of the law and its purposes impels one to the conclusion that only valid liens obtained more than four months prior to the filing of the petition are exempted from the operation of the act. (Black on Bankruptcy, 4th ed., sec. 934.) [2] The Bankruptcy Act (sec. 70) vests the trustee with the title of the bankrupt as of the date of the adjudication in bankruptcy. As to property not in custody of the bankruptcy court, he is vested, under the act (sec. 47a–2), with "all the rights, remedies and powers of a judgment creditor holding an execution duly returned unsatisfied." This status is assumed as of the date of the filing of the petition in bankruptcy. (*Bailey v. Baker Ice Mach. Co.*, 239 U. S. 268, 36 Sup. Ct. 50, 60 L. ed. 275; *Acme Harvester Co. v. Beekman Lumber Co.*, 222 U. S. 300, 32 Sup. Ct. 96, 56 L. ed. 208; *Fairbanks Steam Shovel Co. v. Wills*, 240 U. S. 642, 36 Sup. Ct. 466, 60 L. ed. 841.) [3] While it is admitted that the attachment was obtained more than four months prior to the time that Sebree was declared a bankrupt and that judgment was made and entered within four months prior to the adjudication in bankruptcy, it is well settled that the lien was created by the attachment, and that the lien is not affected by the fact that judgment was entered within the four months' period. (*In re Blair*, 108 Fed. 529; *In re Crafts-Riordan Shoe Co.*, 185 Fed. 931; *Metcalf Brothers & Co. v. Barker*, 187 U. S. 165, 23 Sup. Ct. 67, 47 L. ed. 122; *In re Beaver Coal Co.*, 113 Fed. 889, 51 C. C. A. 519.)

The trustee claims that the affidavit for attachment was insufficient and false; that the court, therefore, was without jurisdiction to issue the writ of attachment and that the purported lien of the attachment was void.

[4] It was set forth in the affidavit for attachment that one of the notes "was originally secured by a pledge of certain corporate bonds, but such security has, without any act of the plaintiff, become valueless." It is the position of the trustee that the affidavit is insufficient in that it did not also allege that the debt was not secured by any mortgage or lien upon real or personal property, or any pledge of personal property. This question is determined by *Farmers State Bank of Star v. Gray,* 36 Ida. 49, 210 Pac. 1006. On a second rehearing therein it was held (in a concurring opinion by Justice Budge, concurred in by Justices McCarthy and Lee) that it is not necessary that an affidavit for attachment disclose that the payment of the debt "has not been secured by any mortgage or lien upon real or personal property, or any pledge of personal property," when it appears from the affidavit that the debt was originally secured, and "that such security has, without any act of the plaintiff . . . . become valueless." In that case it was said that:

"The affidavit provided for is different in each class. In neither class is one required to state the facts stated in the other class. The first class of cases is where the debt has not been secured. There the affidavit must state 'that the payment of the same has not been secured by any mortgage or lien upon real or personal property or any pledge of personal property.' . . . . The other class is where the debt has been secured and there the affidavit must state the fact that security has been given and also that such security has, without any act of the plaintiff or the person to whom the security was given, become valueless. In this latter class it is not necessary to state that the debt 'has not been secured by any mortgage or lien upon real or personal property or any pledge of personal property.' "

[5] The affidavit being sufficient on its face, the court had jurisdiction to issue the writ. The remaining question for determination is the effect of the falsity of the affidavit, since it is also the position of respondent that a false

affidavit does not confer jurisdiction to issue a writ of attachment.

[6] That Sebree could have gone into court, in the first action, and had the attachment discharged on account of the falsity of the affidavit would seem to be indisputable. (C. S., secs. 6812 and 6814.) It is submitted, however, that these sections apply to the *defendant* and his remedy is by *motion* in the action. One against whom an action is instituted and whose property is attached may not sit supinely by, and, after judgment is entered, have the attachment vacated merely because of the falsity of the affidavit for attachment. [7] The bank was a *bona fide* creditor of Sebree when the first action was instituted and when the attachment lien was created; that it was entitled to judgment against Sebree is not even questioned. The status of the trustee, that of creditor of the same Sebree, arose more than four months after the attachment lien was perfected. In the absence of any allegation or proof that there was fraud or collusion between the bank and Sebree, no reason has been suggested why one occupying the status of such creditor should be permitted to practically reopen the case and have the court weigh other evidence and again determine the issues. Both the regularity and propriety of the attachment were in issue in the action in which the affidavit was filed and the writ was issued, and were determined by the judgment in favor of the bank. (*Gooden v. Lewis*, 101 Kan. 482, 167 Pac. 1133.) Neither a judgment debtor nor his lien creditor may set aside such a lien for any irregularity or impropriety in the attachment which did not divest the court of jurisdiction to issue the writ. Van Fleet's Collateral Attack, sec. 532, says that "attachment proceedings are not void because the affidavit is false in fact"; and at sec. 60, that "jurisdiction always depends upon the allegations and never upon the facts."

"The right to challenge the truth of the allegations of the affidavit is given by statute to the defendant or his assignee for the benefit of creditors, to be exercised in the action. It cannot be attacked collaterally, if good on its

face, except for fraud or collusion. *Rice v. Wolff*, 65 Wis. 1, 26 N. W. 181.'' (*Barth v. Burnham*, 105 Wis. 548, 81 N. W. 809.)

See, also, *Reg. v. Bolten*, 1 Ad. & El. M. S. 66, 72, 41 E. C. L. 439, 442; Wapples on Attachment, sec. 157; *Darling v. Conklin*, 42 Wis. 478; *Gooden v. Lewis*, 101 Kan. 482, 167 Pac. 1133; *Lovier v. Gilpin*, 6 Dana, 321, 36 Ky. 478; *Harrison v. Pender*, 44 N. C. 78, 57 Am. Dec. 573; *Electric Plaster Co. v. Blue Rapids City Township*, 81 Kan. 730, 106 Pac. 1079, 25 L. R. A., N. S., 1237; *Title Ins. & Trust Co. v. California Development Co.*, 171 Cal. 173, 152 Pac. 542 (560, 561); *Fridenberg v. Pierson*, 18 Cal. 152, 79 Am. Dec. 162; *Producers' Naval Stores Co. v. M'Allister*, 278 Fed. 13; *Greene v. Tripp*, 11 R. I. 424; *Jarvis v. Barrett*, 14 Wis. 591; *Hillman v. Griffin*, 6 Cal. Unrep. 354, 59 Pac. 194, 696; *Barth v. Burnham*, 105 Wis. 548, 81 N. W. 809.

[8] It is argued that this court has held that an attachment issued on a false affidavit will be dissolved. To such holding, we adhere. But the falsity of the affidavit must be brought to the attention of the court in the action in which the writ was issued. Such was the situation in *Mark Means Transfer Co. v. McKinzie*, 9 Ida. 165, 73 Pac. 135; *Barton v. Groseclose*, 11 Ida. 227, 81 Pac. 623; *Vollmer v. Spencer*, 5 Ida. 557, 51 Pac. 609; *Willman v. Friedman*, 3 Ida. 734, 35 Pac. 37. It is contended that this court held in *Murphy v. Montandon*, 3 Ida. 325, 35 Am. St. 279, 29 Pac. 851, that an attachment issued on a false affidavit is void. While such language was used in that decision, a careful examination of the issues involved and that which was necessary to a decision convinces us that it should not control the issue here presented. *Murphy v. Montandon, supra*, was an action against sureties on a redelivery bond, judgment in a prior action having been obtained by Murphy against the defendant whose property was released from attachment by the execution of the redelivery bond signed by Montandon. In the first action the record, according to the decision, showed on its face that the plaintiffs had security. The affidavit, however, did not disclose that the

security had become valueless, as required by the statute. The affidavit was, therefore, not only false but the record disclosed on its face that the case was not one in which the law permits an attachment. It appears further that the decision in that case was actually based on the exclusion of the affidavit from the evidence. It may be admitted that there is room for argument as to the authority of *Murphy v. Montandon, supra,* on the question here presented, but, in any event, we are unwilling to hold, under such facts as we have here, that where it appears from the record that the court had jurisdiction to issue a writ of attachment, a stranger to the action, may, in an independent action, establish the falsity of the affidavit for attachment and thereby invalidate the lien of the attachment.

Judgment reversed. Costs to appellant.

William A. Lee, C. J., and Givens and Taylor, JJ., concur.