(No. 5587.   June 28, 1930.)

R. A. LOCKRIDGE, Appellant, v. VOLLMER CLEAR-
:WATER COMPANY, Respondent.

[289 Pac. 995.]

Benjamin F. Tweedy, for Appellant.

Tannahill & Leeper and R. E. Durham, for Respondent.

GIVENS, C. J.—October 19, 1927, respondent sued appellant in the district court of Lewis county and a writ of attachment therein issued. Appellant defaulted and judgment was entered April 7, 1928. A writ of execution was issued on that day and the real property involved herein, previously attached, was sold to the respondent May 15, 1928. No redemption ensuing, a deed was made.

On April 26, 1928, appellant filed a petition in bankruptcy in the United States district court for eastern Washington, in which proceeding he was adjudged a bankrupt May 4, 1928.

On January 23, 1928, his wife filed a declaration of homestead on the property involved herein. At the time of the attachment appellant and his family had moved from Idaho and were living in Washington.

July 9, 1928, appellant filed in the bankruptcy action a claim of exemption on the property in Idaho, claiming this exemption under the laws of Washington. On the same day the bankruptcy court issued an order setting the property aside as exempt and on December 3, 1928, the bankrupt was discharged.

Thereafter appellant brought this present action to quiet title to this property in Lewis county. He assigns various errors. One point, however, is determinative of the issue. The attachment suit and the execution, so far as we are advised by the record, were in all particulars regular. The court had jurisdiction of the property, the subject matter of the suit, and the defendant. The attachment having issued more than the four months prior to the filing of the petition in bankruptcy, and no redemption having been made, respondent's deed had, so far as the bankruptcy proceedings were concerned, divested appellant of all right or title to the property. (Sec. 107, U. S. C. A.; sec. 67f, Bankruptcy Act; *Mitchell v. Ada Investment Co.,* 42 Ida. 421, 246 Pac. 10; *Yumet & Co. v. Delgado,* 243 Fed. 519, 156 C. C. A. 217; *In re Beaver Coal Co.* 113 Fed. 889, 51 C. C. A. 519; *In re Houtman,* 287 Fed. 251; 4 Remington on Bankruptcy, sec. 1886.) The property not being part of the estate of the bankrupt, the bankruptcy court had no jurisdiction thereof. (*Griffin v. Lenhart,* 266 Fed. 671; 5 Remington on Bankruptcy, sec. 2050.)

The judgment is affirmed. Costs awarded to respondent.

Lee, Varian and McNaughton, JJ., concur.

Petition for rehearing denied.