[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE
The plaintiffs Jeremy A. Sansone, a minor and his father Joseph P. Sansone filed this action seeking to recover for injuries and damages allegedly arising out of an incident in which the minor plaintiff, Jeremy Sansone, was allegedly bitten by a dog owned by the defendant, Eileen Monaghan about September 5, 1993. The plaintiffs thereafter filed an amended complaint dated May 4, 1994, and a second amended complaint dated June 14, 1994. The third amended complaint includes two additional counts which were not contained in the original one count complaint. The third count alleges negligence on the part of the defendant in failing to maintain proper rabies vaccinations for the dog in question, and alleges that the minor plaintiff required injections of medication as part of his medical treatment following the alleged dog bite. The count then claims that Joseph Sansone, father of the minor plaintiff suffered "severe emotional distress" as a result of the medical treatment which was provided to his son. Mr. Sansone does not allege having incurred any emotional distress as a result of witnessing the alleged dog bite which gives rise to the lawsuit. Rather, his claim for emotional distress is linked solely to the concern which he has for the fact that the minor plaintiff has required medical treatment following the incident which is alleged in the complaint.
The motion to strike challenges the legal sufficiency of a pleading. Practice Book Section 152;Mingachos v. CBS, Inc., 198 Conn. 91, 108-109 (1985). A motion to strike admits all facts well pleaded, but does not admit the truth or accuracy of opinions or legal conclusions stated within the pleading. Id. at 108. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint, and those facts must be construed in the manner most favorable to the plaintiff.Gordon v. Bridgeport Housing Authority, 208 Conn. 161, CT Page 1459 170 (1988). Meredith v. Police Commission, 182 Conn. 138,140 (1980). If facts provable under the allegations of the complaint would support a cause of action, the motion to strike must be denied. Ferryman v. Groton,212 Conn. 138, 142 (1989).
In count three the plaintiff Joseph Sansone attempts to state a claim for emotional distress arising out of his "apprehension of the effects of the required rabies serum on Jeremy", his son. Such a cause of action, however, has never been recognized in Connecticut. Therefore this count should be stricken as a matter of law.
Bystander emotional distress was first construed by our Supreme Court in Strazza v. McKittrick, 146 Conn. 714
(1959). The Strazza court was confronted by a situation where a truck collided with a back porch of a house and destroyed it. The plaintiff was washing dishes at the sink, when she heard and felt the impact. After the impact, the plaintiff experienced great fear and apprehension for her son's safety because she believed he was on the porch during the collision. Fortunately, the boy had left the house and was unharmed. The plaintiff sought recovery for the nervous shock and mental anguish caused by her belief that her son was on the porch. The court held, however that the plaintiff's claim for damages arising from her fear for her son's safety was not legally sufficient. The court stated at page 719: "But she cannot recover for injuries occasioned by fear of threatened harm or injury to the person or property of another. Such injuries are too remote in the chain of causation to permit recovery. Even where a plaintiff has suffered physical harm in the accident, there can be no recovery for nervous shock and mental anguish caused by the sight of injury or threatened harm to another." Id. at 719.
Our Supreme Court revisited this issue in Amodio v.Cunningham, 182 Conn. 80 (1980). The court thoroughly discussed, but did not adopt, the criteria set forth in the California case of Dillon v. Legg, 68 Cal. 2nd 728,441 P.2d 912 (1968). That case was the first in the nation which allowed recovery for bystander emotional distress. Such a recovery was dependent upon three CT Page 1460 factors:
 (1) Whether the plaintiff was located near the scene of the accident as contrasted with one who is a distance away from it;
 (2) Whether the shock resulted from a direct emotional impact upon the plaintiff from sensory and contemporaneous observance of the accident, as contrasted with learning of the accident from others after its occurrence;
 (3) Whether the plaintiff and the victim were closely related, as contrasted with an absence of any relationship or the presence of only a distant relationship.
Amodio v. Cunningham, supra at 88 quoting Dillon.
In 1988, our Supreme Court rejected an opportunity to adopt the Dillon criteria. Maloney v. Conroy,208 Conn. 392 (1988). In this case, the plaintiff sought recovery for severe emotional distress alleged to have resulted from the malpractice of the defendant physicians. The court held that such recovery was not permitted in the medical malpractice case. Justice Shea stated that "we are not inclined to follow the lead of California courts in allowing a bystander to recover for emotional disturbance resulting from malpractice upon another person that a bystander might have observed."Maloney at 397. Moreover, the court found that "[w]hatever maybe the situation in other contexts where bystander emotional disturbance claims arise, we are convinced that, with respect to such claims arising from malpractice on another person, we should return to the position we articulated in Strazza that there can be no recovery from shock and mental anguish caused by the sight of injury or threatened harm to another. Strazza v.McKittrick at 719." Maloney at 402. The Maloney court stated further that: "We are not inclined to resume our dalliance with the Dillon guidelines that we held not to be satisfied when we disposed of the malpractice emotional disturbance claim in Amodio. . . ." Id. at 402. CT Page 1461
Based on the foregoing, the court grants the defendants' motion to strike count three of the plaintiffs' third amended complaint which seeks recovery for bystander emotional distress.
In the instant case, there is no allegation in count three that the plaintiff witnessed the incident in question. In paragraph 13 of the third count, the plaintiff alleges that he has "suffered severe emotional distress due to the apprehension of the effects of the required rabies serum on Jeremy", his son, who allegedly was bitten by a dog. This allegation is insufficient under the Dillon requirements.
As the plaintiff in count three has failed to allege that he witnessed the actual incident producing Jeremy Sansone's injuries, and has failed to allege that he was located near the scene of the incident, the third count is stricken as a matter of law.
PICKETT, J.