[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#104)
FACTS
The plaintiff, Deborah Zaengle, filed this action seeking to recover for injuries and damages allegedly arising out of a motor vehicle accident caused by the negligence of the defendant, Bradley J. Burns. The plaintiff's complaint is in two counts. The first count alleges that the plaintiff sustained injury and damages as a result of the negligence of the defendant. The second count realleges negligence on the part of the defendant and further alleges that the plaintiff suffered emotional distress because, at the time of the alleged accident her two minor children, ages 4 and 8 months, were in the car and "she feared for their well being, as both children began crying hysterically after the collision." (Complaint, Second Count ¶ 8).
Pursuant to Practice Book § 152, the defendant filed a motion to strike the second count of the plaintiff's complaint on January 31, 1996, arguing that a claim for bystander emotional distress is not recognized in the State of Connecticut.[1] The plaintiff argues that such a claim for bystander emotional distress is a viable cause of action in this state and should not be stricken. Both parties timely filed memoranda of law in support of their respective positions.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff. . . ." (Citations omitted; internal quotation marks omitted.) Novametrix Medical Systems v. BOC Group,CT Page 4109-AInc., 224 Conn. 210, 214-15, 618 A.2d 25 (1992). "This includes the facts necessarily implied and fairly provable under the allegations . . . . It does not include, however, the legal conclusions or opinions stated in the complaint. . . ." (Citations omitted.)S.M.S. Textile v. Brown, Jacobson, Tillinghast, Lahan and King,P.C., 32 Conn. App. 786, 796, 631 A.2d 340 (1993). "If facts provable under the allegations would support a defense or a cause of action, the motion to strike must be denied. . . ." (Citations omitted.) RK Constructors, Inc. v. Fusco Corp., 231 Conn. 381,384, 650 A.2d 153 (1994). "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged. . . ." (Citations omitted.)Novametrix Medical Systems v. BOC Group, Inc., supra, 224 Conn. 215.
As this court previously stated in Sansone v. Monaghan,
Superior Court, judicial district of Litchfield, Docket No. 064994 (February 14, 1995, Pickett, J.), bystander emotional distress was first construed by our Supreme Court in Strazza v. McKittrick,146 Conn. 714, 156 A.2d 149 (1959). The Strazza court was confronted by a situation where a truck collided with a back porch of a house and destroyed it. The plaintiff was washing dishes at the sink, when she heard and felt the impact. After the impact, the plaintiff experienced great fear and apprehension for her son's safety because she believed he was on the porch during the collision. Fortunately, the boy had left the house and was unharmed. The plaintiff sought recovery for the nervous shock and mental anguish caused by her belief that her son was on the porch. The court held, however that the plaintiff's claim for damages arising from her fear for her son's safety was not legally sufficient. The court stated at page 719: "But she cannot recover for injuries occasioned by fear of threatened harm or injury to the person or property of another. Such injuries are too remote in the chain of causation to permit recovery. Even where a plaintiff has suffered physical harm in the accident, there can be no recovery for nervous shock and mental anguish caused by the sight of injury or threatened harm to another." Id. at 719.
The issue or bystander emotional distress was revisited by our Supreme Court in Amodio v. Cunningham, 182 Conn. 80, 438 A.2d 6
(1980). In Amodio, supra, the court thoroughly discussed, but did not adopt, the criteria set forth in the California case of Dillonv. Legg, 68 Cal. 2nd 728, 441 P.2d 912 (1968). Dillon, supra, was the first case in the nation which allowed recovery for bystander emotional distress. Such a recovery was dependent upon three factors: CT Page 4109-B
 (1) Whether the plaintiff was located near the scene of the accident as contrasted with one who is a distance away from it;
 (2) Whether the shock resulted from a direct emotional impact upon the plaintiff from sensory and contemporaneous observance of the accident, as contrasted with learning of the accident from others after its occurrence;
 (3) Whether the plaintiff and the victim were closely related, as contrasted with an absence of any relationship or the presence of only a distant relationship.
Amodio v. Cunningham, supra, 182 Conn. 88, 89, quoting Dillon v.Legg, supra, 68 Cal.2d 740-41.
Dillon, supra, was later modified by Thing v. LaChusa, 48 Cal.3d 644,771 P.2d 814, 829-30, 257 Cal.Rptr. 865 (1989), wherein the court stated that "little consideration has been given in post-Dillon decisions to the importance of avoiding the limitless exposure to liability that the pure foreseeability test of `duty' would create and toward which these decisions have moved." Thingv. LaChusa, supra, 771 P.2d at 821. The Thing court continued, stating that "[i]t is appropriate to restrict recovery to those persons who will suffer an emotional impact beyond the impact that can be anticipated whenever one learns that a relative is injured or dies or the emotion felt by a `disinterested' witness." Id., 829-30.
Also, in Thing, supra, the California Supreme Court stated that the elements of a bystander emotional distress claim are: "(1) the plaintiff must be closely related to the injury victim; (2) the plaintiff must be present at the scene of the injury-producing event at the time it occurs and be aware that it is causing injury to the victim; and (3) as a result the plaintiff suffers serious emotional distress, a reaction beyond that which would be anticipated in a disinterested witness and which is not a normal response to the circumstances." Id.
In Maloney v. Conroy, 208 Conn. 392, 545 A.2d 1059 (1988), our Supreme Court rejected an opportunity to adopt the Dillon criteria. In Maloney, supra, the plaintiff sought recovery for severe CT Page 4109-C emotional distress alleged to have resulted from the malpractice of the defendant physicians. The court held that such recovery was not permitted in a medical malpractice case. Justice Shea stated that "we are not inclined to follow the lead of California courts in allowing a bystander to recover for emotional disturbance resulting from malpractice upon another person that a bystander might have observed." Maloney v. Conroy, supra, 208 Conn. 397. Moreover, the court found that "[w]hatever maybe the situation in other contexts where bystander emotional disturbance claims arise, we are convinced that, with respect to such claims arising from malpractice on another person, we should return to the position we articulated in Strazza that there can be no recovery from shock and mental anguish caused by the sight of injury or threatened harm to another." Maloney v. Conroy, supra, 208 Conn. 402. The Maloney
court stated further that: "We are not inclined to resume our dalliance with the Dillon guidelines that we held not to be satisfied when we disposed of the malpractice emotional disturbance claim in Amodio. . . ." Id. at 402.
The decisions of our Supreme Court in Strazza, supra, Amodio,
supra, and Maloney, supra, have resulted in a split of authority among the superior courts with regard to the issue of bystander emotional distress.[2] "This court finds that the holding inMaloney, supra, is limited to medical malpractice actions, and that the implication of Amodio, supra, is that a plaintiff satisfying the Dillon requirements as clarified in Thing may have a cause of action for bystander emotional distress." Stoughton v. Sabolcik,
Superior Court, Judicial District of Litchfield, Docket No. 057778 (January 24, 1992, Pickett, J., 5 Conn. L. Rptr. 502, 503-04).
The defendant relies on that portion of the above discussion which is taken from this court's decision in the case of Sansone v.Monaghan, supra, wherein this court granted a motion to strike a claim of bystander emotional distress. Reliance on Sansone,
however, is misplaced. In Sansone, the pivotal distinguishing factor was that the plaintiff failed to allege that he witnessed the accident. Indeed, this court held: "As the plaintiff in count three has failed to allege that he witnessed the actual incident producing Jeremy Sansone's injuries, and has failed to allege that he was located near the scene of the incident, the third count is stricken as a matter of law." Sansone, supra.
In the present case, the second count alleges that the plaintiff was physically present during the incident in question. In paragraph 8 of the second count, the plaintiff alleges she CT Page 4109-D suffered emotional distress because at the time of the alleged accident her two minor children, ages 4 and 8 months, were in the car and "she feared for their well being, as both children began crying hysterically after the collision." Additionally, this court, as stated above, has recognized a cause of action for bystander emotional distress in similar cases. Accordingly, the defendant's motion to strike is denied.
PICKETT, J.